George H. DEXTER, Jr. and Geraldine Dexter, Appellants (Third party defendants),

v.

Wilfred J. O'NEAL, Appellee (Defendant and Third Party Plaintiff),

C. L. Looney and John S. Mackey, (Plaintiffs).

No. 5675.

Supreme Court of Wyoming.

Aug. 16, 1982.

Kenneth S. Cohen, Jackson, for appellants.

Robert W. Horn, Jackson, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

This case arose from a dispute over property. Looney and Mackey purchased property from the Dexters, appellants here, and received a warranty deed from them. The O'Neals, appellees here, took possession of some of the same property. Looney and Mackey sued the O'Neals seeking to quiet title, among other things.[1] The O'Neals filed an answer which denied the basic allegations. They also filed a counterclaim against Looney and Mackey and a third-party complaint against the Dexters, alleging that the Dexters had sold them the disputed property under a grant deed. The clerk of the district court entered default on November 18, 1981. A default judgment was filed on November 21, 1981, against the Dexters in favor of Wilfred O'Neal. The Dexters filed a motion to vacate the default. On February 1, 1982, the trial court entered an order denying the Dexters' motion to vacate the default. On February 16, 1982, the Dexters filed a notice of appeal from the order denying their motion to vacate the default judgment.

We dismiss the appeal.

Rule 60, W.R.C.P., provides a method to set aside default judgment. *Robison v. Sales and Use Tax Division, State Tax Commission*, Wyo., 524 P.2d 82 (1974).

1. On February 3, 1982, the trial court granted judgment on the pleadings to Looney and Mackey against Wilfred O'Neal. This judgment, however, is not part of this appeal.

An order denying relief under Rule 60(b), W.R.C.P., is appealable. *McBride v. McBride*, Wyo., 598 P.2d 814 (1979). However, there is no final judgment in this case on which the denial of the motion to vacate the judgment could be predicated. Generally, a judgment which determines the merits of the controversy and leaves nothing for future consideration is final and appealable, and it is not appealable unless it does those things. *Public Service Commission v. Lower Valley Power and Light, Inc.*, Wyo., 608 P.2d 660 (1980).

 The default judgment which was entered here made a finding concerning damages which said:

"Default was entered in this matter November 18, 1981. The defendant and third party plaintiff (not the plaintiff) submitted to the Court through its attorney a form of judgment * * * and that judgment gave to the plaintiff a sum in excess of $1,000 plus punitive or exemplary damages in the sum of $103,000 and costs.

\* \* \* \* \* \*

"IT IS FURTHER ORDERED that the amount of the judgment will be considered in further proceedings in this matter."

It is a well established rule of appellate jurisdiction that where liability has been decided, but the extent of damages remains undetermined, there is no final order. *Sun Shipbuilding & Dry Dock Co. v. Benefits Review Board, United States Department of Labor*, 535 F.2d 758 (3rd Cir. 1976). We indicated in *Mott v. England*, Wyo., 604 P.2d 560 (1979), that an adjudication which left the amount of damages unresolved was only a partial adjudication of a party's rights.

 Since there was only a partial adjudication of the appellee's rights, the judgment which was entered was not final. We therefore dismiss the appeal.

We also point out that neither the default judgment nor the judgment on the pleadings lists Mary Catherine O'Neal. Since she has never been dismissed from these suits,

her interest should be disposed of or her name should appear on any final judgment which may eventually be entered in this case.