**Dennis R. MUCK, Plaintiff-Appellee,**

v.

**Lee STUBBLEFIELD and Immobiliaria Vida Del Mar, S.A., Defendants-Appellants.**

**No. 81CA0833.**

Colorado Court of Appeals, Div. I.

March 15, 1984.

Rehearing Denied April 19, 1984.

Bosworth & Slivka, P.C., Richard P. Slivka, Michael J. Peterson, Denver, for plaintiff-appellee.

Eric J. Pringle, Douglas Pooley, Denver, for defendants-appellants.

METZGER, Judge.

Defendants, Lee Stubblefield and Immobiliaria Vida Del Mar, S.A., appeal the trial court's order of default judgment which, in effect, granted the motion of plaintiff, Dennis R. Muck, for sanctions pursuant to C.R. C.P. 37(b)(2). We affirm in part, set aside in part, and remand the cause for further proceedings.

The parties entered into a written contract on February 27, 1976, whereby defendants promised to construct a condominium unit for plaintiff in Manzanillo, Mexico, to pay plaintiff rents collected thereon, and additionally to transfer to plaintiff a 1% interest in the entire condominium project for a specified sum which plaintiff paid in full. Defendants totally failed to perform under the contract. The complaint alleged breach of contract and deceit. Plaintiff also sought punitive damages for fraudulent and malicious conduct.

Defendants' answer was a general denial; it further alleged that plaintiff owed an additional $3,000 and therefore was not entitled to any relief. Defendants also asserted various affirmative defenses.

The discovery process was a laborious one. Defendant Stubblefield's deposition was taken in August 1980, but defendants gave incomplete responses to plaintiff's interrogatories and requests for production of documents concerning the condominium project.

Plaintiff filed a second request for production of documents on November 12, 1980, which resulted in virtually no response. Consequently, plaintiff filed a motion to compel discovery pursuant to C.R. C.P. 37. Defendants filed an objection to that request, alleging variously that compliance with plaintiff's request would be burdensome and oppressive, that the documents had been provided, that they were not in defendants' possession, and that the documents requested did not exist.

After hearing, the trial court, on January 12, 1981, granted plaintiff's motion to compel, ordering that the documents be produced at the offices of plaintiff's attorney on or before January 20. The court also stated in its written order:

"If the documents are not produced on or before January 20, 1981, as ordered herein, the Court will consider, at the trial, a Motion under Rule 37 of the Colorado Rules of Civil Procedure to strike the Defendants' Answer herein and enter judgment in favor of the Plaintiff on his Complaint filed herein."

On Friday, January 30, 1981, plaintiff filed and personally served on defendants' attorneys a motion for sanctions pursuant to C.R.C.P. 37(b)(2), alleging that defendants had failed to comply with the court's January 12, 1981, order. Plaintiff requested that the trial court strike the defendants' answer and enter judgment in favor of plaintiff.

Trial was scheduled for the following Monday, February 2, 1981, and plaintiff's motion for sanctions was heard. Defense counsel requested a continuance of the trial, providing a letter dated January 19, 1981, from the "Sole Administration of IUDM, S.A." in Manzanillo, which asserted that some of the documentation plaintiff had requested

"is in the city of Manzanillo and when sent to Mexico was lost by air express and has just recently been found but, it has not been delivered to the Company. As soon as we receive this documentation, we will sort it out and prepare copies of whatever is required to make available to that Court. The originals must be kept in Mexico in order, for tax and inspection but, we will certify copies to be sent to that Court if same are acceptable."

The continuance was denied and the trial court granted plaintiff's motion for sanctions, finding that defendants

"have not demonstrated the substantial justification required by the rule.... I don't think that Mr. Stubblefield has seriously attempted to comply with the orders of this court, or cooperated in responding to discovery in bringing this case to a posture ready for trial.... So my view of this is simply that Mr. Stubblefield's attempts to delay this case have just ended and the motion to continue is denied. The motion for sanctions is granted."

The court then entered judgment of $141,952.42 in favor of plaintiff, which amount included $75,000 exemplary damages and an amount for attorney's fees. At a later hearing, after considering the evidence adduced, the court entered an additional judgment of $50,000 in favor of plaintiff, as the value of the 1% interest in the condominium project.

◼ The initial issue to be resolved on this appeal is whether a default judgment entered pursuant to C.R.C.P. 37(b)(2) motion for sanctions must comply with the notice requirement of C.R.C.P. 55(b)(2) and 6(a). We hold that it must.

◼ Since an answer had been filed, there is no dispute that defendants had "appeared in the action." *Civil Service Commission v. Doyle,* 162 Colo. 1, 424 P.2d 368 (1967). Nor is there any dispute that defendants' attorney was personally served with a copy of the motion for sanctions on Friday, January 30, 1981. Furthermore, under C.R.C.P. 6(a), both Saturday, January 31, 1981, and Sunday, February 1, 1981, must be excluded from computation of the three-day notice requirement. *See Okerberg v. People,* 119 Colo. 529, 205 P.2d 224 (1949). Therefore, reading C.R.C.P. 6(a) and 55(b)(2) together, we note that three days did not elapse from the time of service upon defendants' attorney to the time of entry of judgment in this case.

◼ However, plaintiff argues that since the trial court indicated in its January 12, 1981, order that it would consider a motion to strike the answer and enter judgment in favor of the plaintiff, that order is sufficient notice pursuant to C.R.C.P. 55(b)(2). We agree.

◼ We recognize that since entry of a default judgment is a drastic remedy, the notice requirement of C.R.C.P. 55(b)(2) must be scrupulously adhered to. *See Civil Service Commission v. Doyle, supra; Best v. Jones,* 644 P.2d 89 (Colo.App.1982); *Bankers Union Life Insurance Co. v. Fiocca,* 35 Colo.App. 306, 532 P.2d 57 (1975).

However, under the circumstances here, we conclude that the trial court's order of January 12, 1981, is sufficiently clear to provide the requisite notice to defendant that failure to provide the necessary documents could result in entry of a default judgment.

■ Defendants also contend that the trial court erred in failing to examine the availability of sanctions less severe than a default judgment. We perceive no error.

■ Under C.R.C.P. 37(b)(2), the striking of defendants' pleadings and the entry of judgment against them are among the available sanctions. Selection of the appropriate sanction for failure to comply with a court order is within the trial court's discretion, and there was no abuse of discretion here. *McRill v. Guaranty Federal Savings & Loan Ass'n,* 682 P.2d 498 (Colo. App.1984).

■ As well, defendants assert that their failure to comply with the discovery requests was due to circumstances beyond their control and that the trial court erred in failing to find that their conduct was willful or in bad faith. The trial court is not required to make such findings where parties fail to comply with its discovery orders. *Callahan v. Wadsworth, Ltd.,* 669 P.2d 141 (Colo.App.1983). In any event, the trial court's findings clearly indicate its conclusion that the defendant's actions were purposely designed to frustrate the discovery process and thus constituted willfulness and bad faith.

■ Defendants further seek to persuade us that the trial court erred in entering a monetary default judgment without the aid of sufficient evidence or testimony. However, a review of the record belies that assertion.

■ Finally, defendants contend that the trial court erred in awarding plaintiff's attorney's fees and costs. Plaintiff failed to present any evidence as to the reasonableness of attorney's fees or the costs incurred, and the trial court made no findings thereon in its award. Therefore, that portion of the judgment awarding attorney's fees and costs must be reversed, and the cause must be remanded for the trial court, after hearing, to award any reasonable attorney's fees and any costs it deems appropriate.

The judgment is affirmed in all respects except as to the award of attorney's fees and costs. It is reversed as to the amount of attorney's fees and costs awarded, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and BERMAN, JJ., concur.