**GRAEFE & GRAEFE, INC.,**
Plaintiff-Appellee,
Cross-Appellant,

v.

**BEAVER MESA EXPLORATION CO.,**
Rhelda S. High, Kenneth Hodgell, Marilyn Hodgell, Lundvall Brothers, Inc., Donald Joe Mechalke, Joe D. Mechalke, and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellants, Cross-Appellees.

and

George E. RENSINK, Jr. and Dorothy L. Rensink, Plaintiffs-Appellees, Cross-Appellants,

v.

**BEAVER MESA EXPLORATION CO.,**
Rhelda S. High, Kenneth Hodgell, Marilyn Hodgell, Lundvall Brothers, Inc., Donald Joe Mechalke, Joe D. Mechalke, The Permian Corporation, and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellants, Cross-Appellees.

and

**GRAEFE & GRAEFE, INC.,** and Dorothy L. Rensink, Individually and as Personal Representative of the Estate of George C. Rensink, deceased, Plaintiffs-Appellees, Cross-Appellants,

v.

**Joe D. MECHALKE,** Kenneth Hodgell, Marilyn Hodgell, MGF Oil Corporation, William W. Anop, Doug Whitefield, and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellants, Cross-Appellees.

No. 83CA0725.

Colorado Court of Appeals,
Div. II.

Oct. 18, 1984.

Rehearing Denied Nov. 15, 1984.

Certiorari Denied Feb. 25, 1985.

Samuel L. McClaren, P.C., Samuel L. McClaren, Denver, for plaintiffs-appellees and cross-appellants.

Eugene F. Costello, P.C., Eugene F. Costello, Denver, for defendants-appellants and cross-appellees.

VAN CISE, Judge.

Defendants (lessees) appeal and plaintiffs (lessors) cross-appeal portions of the judgments and orders entered by the trial court in 1982 and 1983 following remand from this court in *Graefe & Graefe, Inc. v. Beaver Mesa Exploration Co.*, 635 P.2d 900 (Colo.App.1981). We affirm in part and reverse in part.

The facts concerning this consolidated case are contained, for the most part, in the earlier opinion referred to above and will not be repeated here. After remand, the oil and gas leases on all but the 40 acres surrounding Graefe well No. 1 were cancelled as directed by this court.

Then, after a further non-jury trial and subsequent hearings, the portion of the leases pertaining to the 40 acres was terminated for failure timely to comply with the terms of the conditional decree which required restoration of that well to production within 120 days. The court awarded lessors $1,000 for damages to the surface of the land and $7,940 for damages for breach of the implied covenants. Also, it allocated between the parties the funds which had been deposited in the court reg-

istry as the result of the sale of oil from two wells, ruled as to lessees' equipment on lessors' land and the removal thereof, and awarded lessors some of their costs and attorney fees.

## I.

Lessees contend the trial court erred in (1) terminating the leases on Graefe well No. 1 and the 40 acres surrounding it, (2) providing for repayment of some but not all of their production and development expenses incident to their attempted restoration of well No. 1 and drilling of a new well No. 2 elsewhere on the leasehold, (3) awarding any damages to lessors for breach of the implied covenants, and (4) awarding any amount for surface damages. Lessors assert that the damages for breach of the covenants were inadequate. Lessees claim the award of compensation to them for equipment to be left at the wells was insufficient, and lessors claim the award was excessive. We disagree with all of these contentions.

The evidence, or lack of it, and the reasonable inferences drawn therefrom, support the trial court's findings, and the law supports its conclusions based on its findings on all of the above rulings. They are, therefore, binding on appeal. *Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629 (1978).

## II.

Lessees contend that the trial court erred in accepting the testimony of J.M. Abell as an expert on valuation of drilling equipment and in allowing his fees to be taxed as costs against lessees. We do not agree.

■ A proper foundation was laid to qualify Abell as an expert, and the court in its order so characterized him. Lessees made no objections to any of his testimony while he was testifying. And, contrary to lessees' argument, CRE 703 allows an expert to base his opinion on facts or data not admissible in evidence. Lessors, as the prevailing parties, were entitled to recover expert witness fees as costs. Section 13-

16–104, C.R.S.; *Lamont v. Riverside Irrigation District,* 179 Colo. 134, 498 P.2d 1150 (1972).

## III.

Lessors contend that the trial court, in addition to allowing the fees of expert witness Abell, should have awarded the costs of the depositions of defendant Mechalke, who was present and testified at trial, and of witnesses Lyness, Foster, High, Sheldon, and Hickenbottom who were not present but whose depositions were admitted into evidence.

■ The costs of Mechalke's deposition were properly disallowed. *Morris v. Redak,* 124 Colo. 27, 234 P.2d 908 (1951); *Brakhage v. Georgetown Associates, Inc.,* 33 Colo.App. 385, 523 P.2d 145 (1974).

However, subject to the limitations in § 13–16–112, C.R.S., the trial court should allow the reasonable costs of at least three of the other depositions. Section 13–16–104, C.R.S.

## IV.

■ Lessors contend that the trial court erred in not awarding them reasonable attorney fees for preparing and prosecuting this lawsuit pursuant to § 38–42–105, C.R.S., which provides that a lessor *may be* awarded attorney fees when a lessee refuses to surrender a lease. We disagree.

The trial court held that lessors were not entitled to fees under the statute because of the arrangement between them and their attorney which provided that they were not obligated to pay him any attorney fees or costs. The evidence supports that finding.

Since here the lessors had no obligation to pay their lawyer anything, and there was no showing or claim of any payment by them, there was no basis for any award. *See Martin v. Allen,* 193 Colo. 395, 566 P.2d 1075 (1977); *Reese v. Lietzan,* 160 Colo. 253, 419 P.2d 959 (1966). And, since the award of attorney fees is discretionary, there was no abuse of discretion.

## V.

Lessee Joe D. Mechalke contends that the trial court erred in awarding lessors $400 in attorney fees because of his failure properly to respond to questions at his deposition and the extra proceedings necessitated by the refusal. We do not agree.

C.R.C.P. 37(a)(3) provides that if the motion for order compelling discovery is granted, "the court *shall ... require* the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees," absent circumstances not present here. Since the entry of an award is mandatory under the rule, the trial court did not err in so doing.

The judgment for costs in favor of plaintiffs is reversed and the cause is remanded for further proceedings as directed in III above. In all other respects, the judgments and orders are affirmed.

SMITH and BERMAN, JJ., concur.