Norman L. **FARRELL** and Helen L. Farrell, Appellants (Defendants),

Safeway Stores, Inc., a corporation, and Mall Centers Intermountain, Inc., a corporation, (Defendants),

v.

**HURSH AGENCY, INC.,** a Wyoming Corporation, Appellee (Plaintiff).

No. 85–43.

Supreme Court of Wyoming.

Feb. 6, 1986.

Charles E. Hamilton and Eric A. Easton of Hamilton Law Associates, P.C., Riverton, for appellants.

F.M. Andrews, Jr., of Andrews and Anderson, P.C., Riverton, for appellees.

Before THOMAS, C.J., and ROSE,* ROONEY,** BROWN and CARDINE, JJ.

ROSE, Justice.

This appeal asks whether error was committed when the trial court entered a default judgment pursuant to Rule 37(b)(2)(C), W.R.C.P., for the reason that the appellants failed to comply with the court's discovery orders. Appellants contend the default was improperly granted and that the hearing on damages after the default judgment was not correctly conducted.

We will affirm.

Appellee Hursh Agency, Inc. (Hursh) brought suit against appellants Norman Farrell and Helen Farrell and against Safeway Stores, Inc. and the Mall Centers Intermountain, Inc. By stipulation of counsel, Safeway Stores, Inc. and Mall Centers Intermountain, Inc. were dismissed from the suit. The complaint alleged that Norman Farrell breached his fiduciary duty with Hursh in the taking and conversion of various real estate and rental commissions when Farrell was the general manager and stockholder in Hursh's insurance and real estate business. Hursh also alleged that Farrell took corporate opportunity and caused other damage to Hursh by acting negligently in not renewing an errors-and-omissions policy for Hursh's business.

Hursh served the Farrells with interrogatories and a request for production of documents on February 22, 1983, and the Farrells failed to provide responsive answers to a number of the interrogatories. Hursh then moved for an order requiring the Farrells to respond to those interrogatories and to produce the Farrells' income tax returns for the years 1975 through 1982. An order requiring these responses and production was entered by the court on May 10, 1983, and the Farrells responded to this order by supplementing their answers to the interrogatories, but did not produce the income tax returns as ordered. On June 24, 1983, Hursh made a motion for the production of the returns, and on August 4, 1983, moved for sanctions pursuant to Rule 37(d), W.R.C.P., because of the Farrells' failure to furnish full response to the interrogatory dealing with Norman Farrell's annual income and the appellants' failure to produce the requested income tax returns. Again on November 30, 1983, Hursh sought an order compelling Norman Farrell to produce documents relating to his current financial condition.

On March 12, 1984, Hursh again moved for sanctions, this time seeking to dismiss the Farrells' counterclaim, and for judgment by default due to the Farrells' failure to produce all of their 1975 through 1979 tax returns and their complete failure to produce the 1980 through 1982 tax returns. The court responded to this motion by entering an order on March 20 directing that the information be provided by March 28, 1984, and further admonishing that the appellants' failure to comply would result in judgment being entered in favor of Hursh. The Farrells' response was to seek a protective order under Rule 26(c), W.R.C.P. It was their position that they did not possess the remaining portions of the 1975 through 1979 returns and that the 1980 through 1982 returns were only necessary to estab-

* Justice Rose circulated the opinion of the court September 6, 1985, and retired November 1, 1985.

** Retired November 30, 1985.

lish Hursh's claim for punitive damages and, therefore, the later returns could not be compelled until the plaintiff had made "a prima facie showing that punitive damages is a viable claim." The Farrells further contended that records relating to their current financial condition were also relevant to punitive damages only and were therefore not discoverable under the condition of the pleadings at the time in question. The court denied the motion for a protective order on April 5, 1984, and on April 6, 1984 Hursh filed an application for entry of default and for judgment based on the Farrells' failure to comply with the order for production of March 20, 1984. An entry of default and judgment was filed on April 6, 1984.

The Farrells moved to set aside the default, and their motion was denied, whereupon a number of hearings on damages only were held. Following the trial on damages, at which both parties presented evidence, the court entered judgment on January 8, 1985, against Norman Farrell in the amount of $78,089.01 and against Norman and Helen Farrell jointly and severally for $42,500. From this judgment the Farrells appeal.[1]

On appeal the Farrells raise the following issues:

"A. Should the Motion For Protective Order filed March 23, 1984 have been granted.

"B. Were the procedures mandated under Wyoming Rules of Civil Procedure 55(c) properly followed.

"C. Was the denial of the Appellant's Motion To Set Aside Default an abuse of discretion.

"D. Were the Damage Hearings correctly conducted."

Hursh, appellee, agrees with this statement of the issues with one exception. Appellee claims that the second issue is whether Rule 37(b)(2)(C), not Rule 55(c), was properly followed when the judgment in default was entered.

### THE PROTECTIVE ORDER

The court first ordered the appellants to produce the requested documents on May 10, 1983. After a number of requests for production and motions for sanctions due to the Farrells' failure to satisfactorily produce the various documents, the court, nearly one year later, again ordered production. It was only after this last order was entered that the Farrells first moved for a protective order under Rule 26(c), W.R.C.P.[2] Now they claim that the court erred in not granting their motion.

The rule is that the trial court has broad discretion in controlling discovery. *Mauch v. Stanley Structures, Inc.*, Wyo., 641 P.2d 1247 (1982). This broad discretion has been applied in the specific area of protective orders. *Penthouse International Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 391 (2d Cir.1981). Under the facts in the present case and in light of the broad discretion allowed the trial court in this area, we cannot say that denying the protective order was an abuse of discretion.

The trial court could have justifiably refused to grant the protective order for the reason that appellants' motion was untimely. A motion for a protective order under Rule 26(c) is not timely when it is filed after a party has failed to comply with previous orders of the court compelling production.

When documents are first demanded, a party is obligated to produce them unless he asserts a nonfrivolous ob-

---

1. The Farrells originally attempted to appeal from the entry of default judgment before the hearings determining damages. This first appeal was dismissed by this court as not being an appeal from a final order under Rule 1.05, W.R. A.P., because the order fixed only liability and not damages.

2. Rule 26(c), W.R.A.P., provides in part:

"(c) *Protective orders.*—Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending * * * may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *."

jection or moves for a protective order. *Penthouse International Ltd. v. Playboy Enterprises Inc.,* supra. Appellants did originally object to the production of any of the returns based on their lack of relevancy, forcing Hursh to seek a court order requiring the production of the returns, and on May 10, 1983 the court did order production. After a number of motions for sanctions due to appellants' failure to respond, the court on March 20, 1984 ordered that appellants produce the returns or else have default entered against them under Rule 37(b)(2)(C), W.R.C.P.[3] It was only after this last order had been entered— nearly one year after the returns were first *ordered* produced—that appellants sought a protective order. Appellants requested this order without complying with, or seeking relief from, the court's first order compelling production.

The timeliness of a motion for a protective order is within the discretion of the trail court, and, under these circumstances, there is no abuse of discretion in denying the motion as being untimely. *Jolly v. Superior Court of Pinal County,* 112 Ariz. 186, 540 P.2d 658, 660 (1975). In *Amoco Oil Co. v. Segall,* 118 Ill.App.3d 1002, 74 Ill.Dec. 447, 455 N.E.2d 876 (1983), the appellant, like the Farrells here, failed to cooperate in discovery, made no response to a motion to compel, and finally moved for a protective order only after an order compelling discovery was entered. The court in that case had no problem affirming the trial court's refusal to grant the motion for the protective order due to untimeliness. We agree that the motion by the Farrells was untimely. There was no abuse in discretion in denying the protective order.

## THE ENTRY OF DEFAULT

Appellants urge that the trial court erred in entering default and judgment because it did not follow Rule 55(b), W.R. C.P., which provides in part:

"(b) *Judgment.*—Judgment by default may be entered as follows:

"(1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain, or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person;

"(2) By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor * * *. If the party against whom a judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * *"[4]

They suggest that the court failed to provide written notice at least three days prior to any hearing on the application for default. They state that there was, in fact, no hearing held prior to the entry of the default judgment and that this too was error.

Appellee, while failing to cite authority for its contention, argues that when an entry of default is made under Rule 37(b)(2)(C), there is no need to comply with

---

**3.** Rule 37(b)(2)(C), W.R.C.P., provides in part:
"(b) Failure to comply with order.
"(2) * * * If a party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
\* \* \* \* \* \*
"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; * * *"

**4.** Rules 37(b)(2)(C) and 55(b), W.R.C.P. are similar to the corresponding federal rules and to the rules of the other states relied upon in this part of the opinion. Authority interpreting such rules aids in our application of the Wyoming rules. *Hicklin v. State,* Wyo., 535 P.2d 743, 748, 79 A.L.R.3d 1050 (1975).

the requirements of Rule 55. The only authority we can find supporting appellee's position is 6 Moore's, Federal Practice § 55.03[1], where it is said, without reference to any case law:

"It can be argued that Rule 55 has no application to the use of default judgments as sanctions * * * under Rule 37."

Although the point may be argued, the authorities we have found have taken the view that the notice provisions of Rule 55 do apply to defaults rendered pursuant to Rule 37.

In *Poleo v. Grandview Equities, Ltd.*, 143 Ariz. 130, 692 P.2d 309 (1984), the court held that a party whose pleading was stricken as a sanction under Rule 37 must be given the notice required by Rule 55(b)(2) because that party "appeared" in the action. See also *Chandos, Inc. v. Samson*, 150 W.Va. 428, 146 S.E.2d 837 (1966); *Muck v. Stubblefield*, Colo.App., 682 P.2d 1237 (1984).

■ Although we agree with appellants that they were entitled to notice, we cannot agree that they did not receive the requisite notice. Appellee's motion for sanctions dated March 9, 1984 clearly stated that the appellee sought a judgment by default. The court responded on March 20, 1984, with an order declaring, that appellants either provide the requested information "not later than noon, Wednesday, March 28, 1984, or judgment will be given to the plaintiff and the hearing will be held on the issue of damages." The court found appellants in default and gave Hursh judgment on the issue of liability by an order dated April 3, 1984.

In *Muck v. Stubblefield*, supra, the trial court entered a default judgment as a sanction less than three days after a motion for sanctions had been served on the defendants. However, the trial court had indicated in the order compelling discovery, 20 days before the entry of default, that it would consider a motion to enter judgment in favor of the plaintiff if the defendant failed to comply. Under these circumstances the court held that the trial court's order supplied the requisite notice. 682 P.2d at

1239. The facts in *Muck v. Stubblefield*, supra, are almost identical to those found in the present case.

Appellee's motion for the sanction of judgment by default and the court's order of March 20, 1984, satisfied the purpose of the notice requirement of Rule 55(b)(2).

"The purpose of the notice requirement is to protect those parties who, although delinquent in filing pleadings within the time periods specified, have indicated a clear purpose to defend by entry of their appearance." *Bankers Union Life Insurance Co. v. Fiocca*, 35 Colo.App. 306, 532 P.2d 57, 58–59 (1975).

Appellants were adequately protected in this case from any surprise in the entry of default. The motion for sanctions dated March 9 informed appellants that appellee was then seeking judgment by default and the court on March 20 stated that unless appellants produced the documents by noon on March 28, judgment would be given to the appellee. We hold that this motion and court order constituted sufficient notice under Rule 55(b)(2), supra.

■ Appellants also assert that the trial court should have conducted a hearing to determine whether to enter the judgment by default.

"Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment. However, when it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2688 (1983).

In the present case the trial court had determined that it would enter judgment by default, as a sanction, if appellants failed to comply with its order of March 20. When appellants failed to comply, the court entered the default judgment. The determination of whether a hearing is necessary under Rule 55(b)(2) is also within the sound discretion of the trial court. See *Dundee Cement Company v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323

(7th Cir.1983). There was no abuse of discretion when the trial court did not hold a hearing before the entry of default as a sanction under Rule 37.

## DENIAL OF MOTION TO SET ASIDE DEFAULT

Appellants contend that the trial court abused its discretion in entering default as a sanction and by refusing to set aside the default. Appellants concede that the court has the discretion to impose sanctions, including dismissing or defaulting the offending party, for failing to make discovery. *Zweifel v. State ex rel. Brimmer*, Wyo., 517 P.2d 493, 498 (1974). Even so, it is the appellants' contention that the trial court abused its discretion.

█ In contemplating the issue having to do with abuse of discretion in the imposition of sanctions, it has been noted that the question is not whether the reviewing court would have dismissed the action, but whether the trial court abused its discretion in so doing. *Margoles v. Johns*, 587 F.2d 885 (7th Cir.1978). Appellants say that the district court should have imposed some lesser sanction. We have said that the trial court is given discretion with regard to sanctions, even to the point of entering a default judgment. *Zweifel v. State ex rel. Brimmer*, supra. Although the sanction of default is clearly not favored, we cannot say that the court abused its discretion in entering a default judgment against a party which has refused to comply with a court order compelling production of the same documents, which had been ordered produced nearly one year earlier. See *Jones v. Uris Sales Corporation*, 373 F.2d 644 (2d Cir.1967).

█ The Farrells contend that even after the default had been entered as a sanction it should have been set aside under Rules 55(c) and 60(b)(1), W.R.C.P. Rule 55(c) provides:

"Setting aside default.—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered may likewise set it aside in accordance with Rule 60(b)."

Rule 60(b) provides in part:

" * * * On motion, and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

We have previously held that:

"Motions brought under Rules 55(c) and 60(b)(1) are addressed to the sound discretion of the court in which they are brought, and that court's decision will be reviewed only for an abuse of its discretion." *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, Wyo., 664 P.2d 121, 126 (1983).

The appellants claim "good cause" in failing to produce the entire 1976 through 1979 returns because they did not have the entire returns. We have no problem with their contention that sanctions cannot be imposed for failing to produce something a party does not have. However, appellants do not suggest that the other returns were unavailable to them. Instead, they argue that they were not required to produce these returns since they addressed only the question of punitive damages. As has been noted, they refused to produce the returns in issue even though the court had ordered them produced and appellants had never sought relief from the order or any of the number of requests for production.

While it is true that appellants may have been pressed for time shortly before the last order requiring production, these problems could not excuse the refusal to produce the documents in compliance with the court's order one year earlier. The court's harsh sanction of default and failure to set aside the entry may have been an abuse of discretion if the only order of production was the one on March 20, 1984. However, the appellants have not shown such "good cause" as would have justified the court in setting aside the entry of default. Furthermore, the appellants have not pointed

to any such "mistake, inadvertence, surprise or excusable neglect," as is contemplated by Rule 60(b)(1), W.R.C.P., and are therefore not entitled to be relieved from the default entered as a sanction for their dilatory tactics in failing to comply with not only the March, 1984 order, but also the order of May, 1983. There was no abuse of discretion in refusing to grant appellants' motion to set aside the default.

## THE DAMAGE HEARINGS

■ Appellants contend that the judgment must be overturned because they were denied a right to jury trial on the issue of damages. They base their claim on Rule 55(b)(2), W.R.C.P., and Art. 1, § 9 of the Wyoming Constitution.[5] They also contend that the court committed a number of other errors in conducting the damage hearings.

There was no right to a jury trial. Rule 55(b)(2) provides in part:

> "If, in order to enable the court to enter judgment or carry it into effect, it is necessary to * * * determine the amount of damages * * * the court may conduct such hearings * * * as it deems necessary and proper, and shall accord a right of trial by jury to the parties when and as required by any statute."

Appellants do not rely on any particular statute giving them a right to a jury trial. A number of federal courts have held that Rule 55(b) does not itself require a jury trial on the issue of damages. *Henry v. Sneiders*, 490 F.2d 315 (9th Cir.1974), cert. denied 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57; see 6 Moore's, Federal Practice ¶ 55.07. Article 1, § 9 of the Wyoming Constitution does not require that appellants be given a jury trial in this tort action. *Matter of GP*, Wyo., 679 P.2d 976, 986 (1984). There is no

support for appellants' claim that there was error in denying a jury trial on the issue of damages in a default case.

■ Appellant Norman Farrell was found liable for damages suffered by appellee as a result of Farrell's failure to renew an insurance policy needed to protect appellee in various aspects of its business. Appellee had contended that Farrell, as its manager in charge of its insurance department, was negligent in failing to renew the policy. Appellants contend that the trial court committed error in refusing to allow Norman Farrell to testify as to the coverage of the errors-and-omissions policy. Mr. Hursh had already identified the prior errors-and-omissions policy, read the coverage clauses into evidence, and had related all of the facts of the accident along with the claim and subsequent loss suffered by appellee. Neither Farrell nor Hursh was permitted to give an opinion as to whether the policy would have covered the loss. "When terms of a contract are shown without any conflict of evidence, interpretation of a contract becomes a question of law for the court." *Hursh Agency, Inc. v. Wigwam Homes, Inc.*, Wyo., 664 P.2d 27, 31 (1983). It was not error for the judge to exclude opinions as to the extent of coverage under the policy. This was a question of law to be decided by the judge.

Appellants' claim that there was no evidence to support the breach of fiduciary duty in Norman Farrell's purchase and sale of property in Riverton goes to the issue of liability. This was settled by the default judgment.

The court entered judgment for $42,500 under Count IV of the complaint to compensate Hursh for its share of the profit (plus interest) lost by Farrell's taking of a corporate opportunity. The lost profit was

---

5. Article 1, § 9 of the Wyoming Constitution provides:

"The right of trial by jury shall remain inviolate in criminal cases. A jury in civil cases and in criminal cases where the charge is a misdemeanor may consist of less than twelve

(12) persons but not less than six (6), as may be prescribed by law. A grand jury may consist of twelve (12) persons, any nine (9) of whom concurring may find an indictment. The legislature may change, regulate or abolish the grand jury system."

a result of the purchase and resale of property by appellants, when they knew or should have known, that this was an opportunity of the appellee. The evidence on this count established the purchase price, sale price and payments made on the sale.

 As to the damages under this count, appellants contend that the damages allowed were too high because the court awarded appellee the loss of profits on the deal, without properly calculating the profit. The evidence disclosed the purchase price, paid by Norman Farrell, and the price for which he later sold the property. Appellants claim that Hursh should have also attempted to establish Farrell's expenses in this transaction. They claim that in establishing the profit in this transaction Hursh was required to also establish Farrell's expenses; and, since Hursh never produced evidence as to Farrell's expenses, the court did not properly calculate the damages under this count. If appellants wished to claim that the profit from the sale was actually less than the amount appellee claimed, then it was incumbent on appellants to introduce sufficient evidence supporting their claim. Hursh presented evidence sufficient to justify the trial court's finding of damages under this count. See *Chittim v. Armco Steel Corp.*, Wyo., 407 P.2d 1015 (1965).

Finally, appellants claim the admission of one of appellee's exhibits was error. We need not consider whether the admission was error because the exhibit in question was merely cumulative of other evidence properly admitted. "[I]n a trial by court without a jury where there is sufficient, competent evidence without that claimed to be erroneously admitted to sustain a judgment such admission is not a ground for reversal." *In re Shreve*, Wyo., 432 P.2d 271, 273 (1967).

There was no error in the entry of the default judgment nor in the conduct of the hearings on damages.

Affirmed.