**AUDIO–VISUAL SYSTEMS, INC. Plaintiff–Appellee, Cross–Appellant,**

v.

**Bill HOPPER, Defendant–Appellant, Cross–Appellee.**

No. 86CA0280.

Colorado Court of Appeals, Div. III.

April 7, 1988.

Rehearing Denied May 12, 1988.

Certiorari Denied Oct. 31, 1988.

Bucholtz, Bull & Ewing, P.C., Alan H. Bucholtz, Denver, for plaintiff-appellee, cross-appellant.

Bill Hopper, pro se.

JONES, Judge.

Bill Hopper appeals the default judgment entered as a discovery sanction against him and in favor of Audio–Visual Systems, Inc. (Audio). Both Hopper and Audio appeal the attorney fees awarded to Audio. We affirm.

Hopper contends that the default judgment must be set aside because he was not given 3 days' notice before the default was entered. We conclude that Hopper was given sufficient notice.

Hopper had been on notice since a mistrial was declared in October 1984 that the original of the June 29, 1981, letter should be produced as a part of discovery. He failed to produce the letter for over a year, even in response to an order to compel production dated October 4, 1985, and failed to account appropriately for his inability to produce the letter. Only after a hearing on October 10 did the trial court impose default judgment as a sanction for Hopper's extended failure to produce.

Generally, because entry of default judgment is a drastic remedy, the notice requirements of C.R.C.P. 55(b)(2) must be scrupulously followed. *Muck v. Stubblefield*, 682 P.2d 1237 (Colo.App.1984). However, under the circumstances of this case, we conclude that the October 4 order to compel, with its inherent threat of sanctions under C.R.C.P. 37(b)(2), constitutes the requisite notice to Hopper of possible sanctions, including default judgment. *See Muck v. Stubblefield, supra.*

We further conclude that the extended period during which Hopper failed to comply with court orders and the rules regulating discovery, constitute circumstances under which the lack of technical compliance with the requirements of C.R.C.P. 55(b)(2) does not mandate setting aside the default judgment. *Cf. O'Brien v. Eubanks*, 701 P.2d 614 (Colo.App.1984).

Contrary to Hopper's arguments, we find no reversible error in the determination that he willfully violated the discovery order. That determination, based on conflicting evidence and witness credibility, will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Further, the trial court has discretion in choosing discovery sanctions under C.R.C.P. 37, and the finding of willful disobedience justifies imposition of default. *See Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672 (Colo.1987). The trial court adequately described its reasons for choosing that sanction. *See Kwik Way Stores, Inc. v. Caldwell, supra.*

Hopper also contends that the trial court erred in awarding Audio $5,000 of its attorney fees under § 13–17–101, C.R.S. (1987 Repl.Vol. 6A). Audio contends it was entitled to approximately $12,000 in fees. We conclude that the trial court properly

exercised its discretion in determining that attorney fees should be awarded to Audio, and that a reasonable award is $5,000. The award will not be disturbed on review. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

Audio asserts that the trial court erred in denying an award of expert witness fees. We agree.

 Expert witness fees are recoverable costs. Section 13–16–122(1)(e), C.R.S. (1987 Repl.Vol. 6A); *see Graefe & Graefe, Inc. v. Beaver Mesa Exploration Co.,* 695 P.2d 767 (Colo.App.1984). At a hearing, Audio presented uncontroverted evidence of expert witness fees. The expert witness was required by Audio to justify Audio's attorney fees, which the trial court awarded. Under the circumstances, the trial court abused its discretion in not awarding Audio reasonable expert witness fees as an element of its costs. *See* §§ 13–16–104 and 13–16–122(1)(e), C.R.S. (1987 Repl.Vol. 6A); *Graefe & Graefe, Inc. v. Beaver Mesa Exploration Co., supra.*

The default judgment is affirmed and the cause is remanded for award of expert witness fees to Audio.

VAN CISE and STERNBERG, JJ., concur.