C.H. RUWART, Jr.; C.H. Brown Motors, Inc.; and Bob Ruwart Motors, Inc., Appellants (Defendants),

v.

Janet S. WAGNER and Ernest L. Wagner, Appellees (Plaintiffs).

No. 93–185.

Supreme Court of Wyoming.

Aug. 31, 1994.

James W. Gusea of Gusea, Pattno & White, P.C., Cheyenne, Jon L. Holm, Denver, CO, for appellants.

William R. Jones of Jones, Jones, Vines & Hunkins, Wheatland, for appellees.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY ** and TAYLOR, JJ.

GOLDEN, Justice.

In this appeal, we are called upon to resolve whether a default judgment as to liability but not as to damages is appealable; whether the notice requirements of Wyo. R.Civ.P. 55(b)(2) in the context of the entry of default judgment were satisfied under the facts presented; and whether reversible errors occurred in the damages trial held after the entry of the default judgment as to liability.

As explained below, we hold that an order granting a default judgment as to liability but leaving the determination of damages for a later hearing is not a final, appealable order until damages have been determined. We further hold that the notice requirements of Wyo.R.Civ.P. 55(b)(2) in the context of the entry of default judgment were not satisfied under the facts of this case; consequently, we reverse and remand for trial. In light of our decision on these two points, we need not discuss whether reversible errors occurred in the damages trial. When this case is tried following remand, we trust the parties will measurably increase their efforts to try the case error free.

Appellants state the issues as:

I. Whether the granting by the court of sanctions in the form of the dismissal of appellants' answer and counterclaim and the awarding of attorney fees and costs in the amount of $2,025.07 was appropriate under the circumstances of the case.

II. Whether the awarding by the court to the appellees of $6,170.00 for fair market value of the stolen vehicle was appropriate when, in response to interrogatories and at trial, the appellees made it clear to the appellants and the court that they were seeking nothing for the fair market value in that such had been fully compensated for by insurance proceeds and both sides stipulated that title to the vehicle would be delivered to the insurance company.

III. Whether the awarding by the court to the appellees of 7% interest on the value of the vehicle was appropriate where no evidence was introduced by the appellees as to the fair market value and where documents introduced by the appellants showed trade-in value as $6,170.00; actual cash value as $4,900.00; and the car sold at auction for $5,100.00.

IV. Whether the awarding by the court to the appellees of the sum of $6,965.00 for loss of use of vehicle was appropriate when such amount exceeds $1,000.00 per month; this amount apparently exceeds the value of the stolen vehicle; the appellees testified they had access to another vehicle during this time; and in the interim the appellees purchased a new vehicle with a trade-in.

V. Whether the awarding by the court to the appellees of $2,500.00 for the cost of obtaining alternate transportation was appropriate when the appellees traded personal property for said vehicle rather than paying cash and the appellees were allowed to retain ownership of said vehicle.

VI. Whether the awarding by the court to the appellees of $5,000.00 in punitive damages was appropriate under the circumstances of the case and where no evidence was introduced with regard to the assets or net worth of the appellants.

Appellees restate the issues as:

I. Did the court err in granting the sanctions that it did?

II. Did the court err in awarding appellees $6,170.00 for the fair market value of appellees' Mercury automobile which appellants converted to their use?

III. Did the court err in awarding the appellees pre-judgment interest?

IV. Did the court err in awarding $6,965.00 to the appellees for loss of use of their automobile?

V. Did the court err in awarding the appellees $2,500.00 for their costs in obtaining alternative transportation?

* Retired July 6, 1994.

** Chief Justice at time of oral argument.

VI. Did the court err in awarding the appellees $5,000.00 punitive damages?

## FACTS

Appellees Janet and Ernest Wagner (Wagners) filed suit against appellants C.H. Ruwart, Jr., C.H. Brown Motors, Inc., and Bob Ruwart Motors (collectively referred to hereinafter as Ruwarts) for conversion in November of 1990. The lawsuit resulted from a failed new car purchase that included the trade-in of the Wagners' Mercury. The parties dispute whether the purchase deal was rescinded or breached, but agree that following the failure to finalize a new car purchase the Wagners' Mercury was not returned to them but was, instead, sold. The car was sold without title by Colorado Auction, a Denver car auction company, and was later stolen from the purchasing Texas car dealership. Colorado Auction kept the proceeds of the sale pending the release of the Mercury's title. In their answer to the lawsuit, Ruwarts denied conversion and counterclaimed for damages.

At the pretrial conference, the court ordered all counsel to negotiate with three potential third-party defendants—Wagners' lienholder, Wagners' automobile insurer, and Colorado Auction—for release of the lien on Wagners' Mercury, payment into court of the sale proceeds from the sale of the Mercury, and settlement with the insurer as to the loss proceeds arising from the theft of the Mercury. Eventually the Wagners' insurance carrier paid the loss on the stolen Mercury, and title was delivered to that insurance carrier. The insurance carrier then transferred the title to Colorado Auction in exchange for the sale proceeds.

During discovery, Ruwarts failed to respond to a second request for interrogatories and production of documents. On September 26, 1991, the court ordered Ruwarts to respond to discovery requests within 30 days. On November 19, 1991, the Wagners' attorney notified the court that although Ruwarts' attorneys had on November 5, 1991, promised to comply, there had not been compliance. The Wagners requested a hearing on a motion for an order compelling discovery. The court granted the motion without a hear-

ing and issued the order on November 23, 1991. This order instructed Ruwarts to comply with discovery requests by December 23, 1991. Local counsel for Ruwarts submitted the requested documents on December 20, 1991; however, Ruwarts' Colorado counsel failed to submit answers to the interrogatories. Wagners' attorney did not notify either attorney that the interrogatories had not been answered. On January 20, 1992, the Wagners' attorney moved for an order granting sanctions under Wyo.R.Civ.P. 37 for noncompliance with discovery requests. On January 23, 1992, the court, without hearing, entered an order which struck Ruwarts' answer and counterclaim pleading, granted a judgment of default on the issue of liability and recited that the Wagners were entitled to attorney fees and expenses to be determined at a hearing. Ruwarts filed a motion to set aside the default judgment on February 6, 1992, and a hearing on that motion was held on May 19, 1992.

At the hearing, Ruwarts argued that the motion for sanctions contained erroneous information. The trial judge agreed to set aside the default judgment if Ruwarts satisfactorily responded to the discovery requests by June 15, 1992. Ruwarts responded on June 15, 1992; however, on June 29, 1992, the trial judge determined that Ruwarts had failed to comply satisfactorily with the court's conditions. The court entered its order denying the motion to set aside the default judgment on July 28, 1992, and Ruwarts attempted to appeal to this court on August 7, 1992. Upon its own motion, this court considered whether it had jurisdiction to hear the appeal and dismissed the appeal as untimely because the motion was deemed denied at an earlier time. Following a hearing on December 15, 1992, the trial court entered an order granting attorney fees against Ruwarts on January 19, 1993.

On April 20, 1993, the trial court held a hearing on the issue of damages. The Wagners offered evidence of actual damages and evidence of Ruwarts' conduct which warranted punitive damages, but did not offer evidence of Ruwarts' wealth or financial condition. In this regard, Wagners acknowledged the punitive damages procedure required a

bifurcated process and requested additional discovery before the hearing on punitive damages. The trial court determined that was unnecessary and awarded the Wagners a total of $21,814.73 in damages, $5000 of which were punitive damages. This appeal followed.

## DISCUSSION

### Default Judgment Sanction

#### Standard of Review

Ruwarts' first issue concerning the imposition of sanctions raises two questions: whether our previous dismissal of their appeal permits those sanctions to now be considered and, if so, whether there has been compliance with the notice requirements of WYO.R.CIV.P. 55(b)(2). Since both are questions of law, our standard of review neither affords deference, nor binds this court, to the trial court's decision. *City of Laramie v. Hysong*, 808 P.2d 199, 202 (Wyo.1991).

■ Initially, Wagners argue this court's dismissal of Ruwarts' previous appeal prevents consideration of those issues in this appeal. We disagree. The timeliness of an appeal of an order is only a threshold question of jurisdiction and once that hurdle is passed, jurisdiction will be found only if the order is a final, appealable order. This court has previously determined that an order which only partially adjudicated a party's rights was not an appealable order. *Dexter v. O'Neal*, 649 P.2d 680, 681 (Wyo.1982).

■ Based upon *Dexter*, Ruwarts' appeal would have been dismissed since this court will dismiss an appeal of an order denying a motion to set aside default judgment when the extent of damages remains undetermined. *Dexter*, 649 P.2d at 681. As explained in *Dexter*, an order is appealable only if the final judgment leaves nothing for future consideration. *Dexter* at 681. There is no final order where liability has been decided, but the extent of damages remains undetermined. *Dexter* at 681. An adjudication

which leaves the amount of damages unresolved is only a partial adjudication of a party's rights and, as a partial adjudication, it is not final and the appeal must be dismissed. *Dexter* at 681.

The present appeal follows a final judgment and Ruwarts' arguments concerning the sanctions will be considered. Although Ruwarts present several arguments as to why the court erred in denying relief from the default judgment, we find the notice argument dispositive.

#### Rule 55(b)(2) Notice Requirement

■ Ruwarts argue that the trial court erred in ordering default as to liability as a sanction because they were not afforded notice before a hearing as required under WYO. R.CIV.PROC. 55(b)(2) and were not granted a hearing before default judgment was ordered. The Wagners mailed the motion for sanctions on January 20, 1992. The court signed the order on January 22, and entered the order of default judgment on January 23, 1992.

Wagners contend three separate notices were given to Ruwarts by (1) the filing of their second interrogatories and request for production on September 26, 1991; (2) the order compelling discovery on November 21, 1991 and (3) the trial court's June 15, 1992 letter. Wagners rely on *Farrell v. Hursh Agency Inc.*, 713 P.2d 1174 (Wyo.1986) to support their assertion that such discovery papers provide the requisite Rule 55(b) notice. However, *Farrell*, instructs us that these discovery papers are not sufficient notice. *Farrell*, 713 P.2d at 1179.

Rule 55(b)(2) requires written notice of an application for default judgment to be served at least three days before the hearing on such application.[1] The notice is to be served on the party against whom a judgment by default is sought if the party has appeared in the action. In *Farrell*, appellants complained the trial court had erred in entering

---

1. *By the Court.*—In all other cases the party entitled to a judgment by default shall apply to the court therefor; * * * If the party against whom a judgment by default is sought has appeared in the action the party (or if appear-

ing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. WYO.R.CIV.P. 55(b)(2).

a Rule 37 default judgment without hearing and notice under Rule 55(b) when the requested entry of default judgment was ordered on the same day. *Farrell*, 713 P.2d at 1179. To resolve the issue, this court reviewed the chronology of events. Appellees had moved for an order compelling discovery on March 12. *Farrell*, 713 P.2d at 1176. In that motion, appellees clearly stated they sought a default judgment as sanction should appellants not comply. On March 20, the court entered an order compelling discovery which declared that failure to comply by March 28 would result in a Rule 37 default judgment. *Farrell* at 1179. The motion for that sanction was made and granted on April 6. *Farrell* at 1179.

This court held in *Farrell* that Wyo. R.Civ.P. 55(b)(2) applies to default judgments entered under Wyo.R.Civ.P. 37. *Farrell*, 713 P.2d at 1179. We also held that notice satisfying Rule 55(b)(2) is to be provided to avoid unfair surprise and, under the circumstances in that case, that purpose was served because the court's previous order compelling discovery had admonished the Farrells that failure to comply would result in entry of a default judgment. *Farrell* at 1179. Sufficient notice had issued to appellants because the order compelling discovery specified that noncompliance would result in a default judgment. *Farrell*, at 1179. *Farrell* specifically holds that only a court order which issues at least three days before a hearing or the entry of a default judgment will suffice. *Farrell* at 1179.

The facts of the present case are distinguishable from *Farrell* because here the court's order compelling discovery did not mention sanctions. The June 15, 1992 letter alternatively relied on by the Wagners issued after entry of the default judgment order and cannot suffice. The Wagners attempted to provide notice to Ruwarts by mailing a copy of the motion for Rule 37 sanctions on January 20. However, by mailing the notice, the Wagners invoked Wyo.R.Civ.P. 6(d). Rule

6(d) grants three additional days to the prescribed period,[2] causing the notice time period to extend past the three-day period mandated by Rule 55(b)(2). The earliest date that a default judgment order could be entered was January 27, 1992. The court's entry of its order on January 23 did not comply with the notice requirements of Rule 55(b)(2), and entry of the default judgment was error.

▇ A default judgment which fails to comply with Wyo.R.Civ.P. 55(b)(2) violates due process and renders the default judgment void. All orders arising from a void judgment are invalid. *Wunnicke v. Leith*, 61 Wyo. 191, 157 P.2d 274, 278 (1945). In the present case, the subsequent orders arising from the void judgment included an order denying the motion to set aside the default judgment, an award of attorney fees, and a judgment awarding damages. All of these subsequent orders are void and are herewith vacated.

Because the record from the hearing to set aside the default judgment indicates the trial court erred in denying that motion, our normal procedure of reversing and remanding for a hearing following proper notice is not necessary. As explained below, it is clear that the Ruwarts have complied with all discovery requests and this case is remanded for trial on the merits.

*Hearing*

During the May 19 hearing on Ruwarts' motion to set aside default judgment, the trial court agreed to set aside the judgment if Ruwarts complied with all discovery requests to the court's satisfaction. In its June 29, 1992 decision letter, the trial court listed three discovery compliance deficiencies and denied the Ruwarts' motion to set aside judgment. Our review of the record indicates the trial court erred in finding any deficiency. Accordingly, we hold that its denial of the

**2.** *Additional time after service by mail.*—Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party, and the notice or paper is served upon the party by mail or by

delivery to the clerk for service, three days shall be added to the prescribed period, provided however, this rule shall not apply to service of process by registered or certified mail under Rule 4(*l*)(2).
Wyo.R.Civ.P. 6(d).

motion to set aside the default judgment was an abuse of the court's discretion.

The sanction of default judgment is explicitly permitted under WYO.R.CIV.P. 37(b)(2)(C), which permits:

An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

■ This court has held that default judgment is permitted against one who fails to file answers to interrogatories or fails to excuse such failure, *Zweifel v. State ex rel. Brimmer*, 517 P.2d 493, 498–99 (Wyo.1974), or fails to produce documents. *Farrell*, 713 P.2d at 1180. The trial court is given discretion with regard to sanctions, even to the point of entering a default judgment. *Farrell*, 713 P.2d at 1180 (citing *Zweifel*, 517 P.2d at 498).

■ Since it is preferred that cases be tried on their merits, default judgements are not favored. This court recognizes, however, "that the district court must generally be afforded broad discretion, both in the mechanisms adopted to control discovery and in its selection of appropriate sanctions for violations of its discovery orders. Such discretion extends to the use of default judgments." *Gooder v. Roth*, 788 P.2d 611, 612 (Wyo. 1991). A court does not abuse its discretion if the court could have reasonably concluded as it did; however, Rule 37 sanctions cannot be imposed for failing to produce that which a party does not have and is unavailable to it. *Id.* 612–13.

■ Reading the trial court's June 29, 1992 letter, we see that the court found the following deficiencies:

1. failure to comply with those discovery demands of plaintiffs specified in the court's letter of May 29, 1992:

 a. no itemization of the "Colorado repair bill";

 b. inadequate information concerning the radiator damage;

2. no explanation of how Colorado Auction disposed of plaintiffs' vehicle;

3. failure to deposit with the Clerk of Court for funds received by Ruwart's "agent" for the sale of plaintiffs' vehicle.

The trial court's determination that Ruwarts supplied deficient information and documentation concerning the above matters is not supported by the record on appeal.

Ruwarts submitted an explanation of the Colorado repair bill in response to Wagners' first set of interrogatories, but mistakenly created the impression that another document existed by referring to the mechanic's bill as "Southwest" Motors. The correct name of the company was "Southeast" Motors, a copy of whose bill was provided on December 20, 1991; and, as seen in the answer to question No. 8 of the second interrogatories, other documentation was furnished from Southeast in response to the first interrogatories. Because the Wagners had the actual information, there was no deficiency.

Information about the radiator damage was supplied several times. In the first set of interrogatories, the Wagners requested an explanation of how the total of $364.73 for radiator damages was obtained. The record indicates Ruwarts supplied the document itemizing repairs to the Oldsmobile radiator on December 20, 1991, specifically listing the costs of parts, labor and tax for a total of $364.73. Question No. 6 of Wagners' second set of interrogatories references the information "furnished by Defendants in answer to the first interrogatories" and only asks who authorized the repairs in Wagners' name. Ruwarts answered and have submitted the repair bill at least twice. We find no deficiency in the information concerning the radiator damage.

The trial court's dissatisfaction with Ruwarts' explanation of how Colorado Auction disposed of Wagners' vehicle is discussed in its May 29, 1992 letter. There the court stated that "it had the feeling that through no fault of local counsel, plaintiffs were being 'stonewalled' by defendants as to the method of transferring ownership of plaintiffs' Mercury * * *." While the trial court's concern with the transaction is understandable, its conclusion of "stonewalling" is not supported by the record since responses were provided

to all questions asked by the Wagners. Question No. three of the second set of interrogatories specifically asked "Was a certificate of title to said Mercury Cougar automobile transferred from the Defendant or Defendants to Southeast Motors? If not, how was such transaction concluded"? Ruwarts replied that "[n]o certificate of title was transferred and the sale at auction was concluded without a title. This is a common practice, and the title is normally furnished within a fairly short time after the sale." In question No. 9, Ruwarts were asked whether certificate of title was delivered to Colorado Auto Auction as well as to the El Paso, Texas dealership. Again, Ruwarts responded that certificate of title was not delivered to Colorado Auction or the El Paso dealership. Again, we find no deficiency.

The final deficiency, failure to deposit funds with the Clerk of Court, cannot be grounds for default judgment because Rule 37 sanctions cannot be imposed for failing to produce that which a party does not have available to it. *Farrell,* 713 P.2d at 1180. It was established at the pretrial conference that the auction sale of the Mercury had produced a check payable to Southeast Motors, which Colorado Auction was holding until it received title to the vehicle. Although not under order to do so, Ruwarts' Colorado counsel agreed to attempt to get the check from Colorado Auction. Ruwarts were never informed by the court that failure to have the money deposited with the clerk of court would result in default judgment. At the hearing to set aside default judgment, the court was informed that Ruwarts' attorneys had not been able to convince Colorado Auto Auction to deliver its draft to the court. Since Ruwarts did not have the check and could not obtain the check, the failure to deposit it with the court cannot be grounds for sanctions.

Because all discovery requests have been complied with, we remand for trial on the merits.

*Attorney Fees*

 Ruwarts complained that attorney fees were awarded which did not relate to sanctions. As we stated earlier, the attorney fees' award is vacated because it was an order arising from a proceeding subsequent to a void judgment and, therefore, invalid. But in reviewing the record, we noted that part of the fees related to the order compelling discovery. Rule 37(a)(4) permits such an award, however, these fees also are vacated because the court did not make the requisite award following its issuance of the order compelling discovery. *See* WYO.R.CIV.P. 6(c)(2) (motion is deemed denied if not determined within 90 days after filing). The court has the discretion not to award expenses if "the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." WYO.R.CIV.P. 37(a)(4).

*Damages*

Although our reversal for a trial on the merits precludes a discussion of the damages issues, we direct the parties' attention to previous decisions of this court regarding punitive damages and trust those decisions will be followed at trial. The parties are directed to *Campen v. Stone,* 635 P.2d 1121, 1127 (Wyo.1981) where this court held that an award of punitive damages must follow a bifurcated procedure and to *Adel v. Parkhurst,* 681 P.2d 886, 892 (Wyo.1984) where this court stated that an award of punitive damages cannot be sustained in the absence of evidence of a defendant's wealth or financial condition.

Reversed and remanded for proceedings consistent with this opinion.

CARDINE, J., files a dissenting opinion in which TAYLOR, J., joins.

CARDINE, Justice, dissenting, with whom TAYLOR, Justice, joins.

Because reversal, remand and retrial with attendant costs, expenses and attorney fees is so cost prohibitive in this kind of a case and such a burden on the parties, especially on individual plaintiffs, and because the facts and law applicable will support this proposed disposition and both parties would be better served by this case being concluded by our opinion, I must dissent from the opinion of the court.

I would, therefore, propose that the opinion of the court be that:

a) The entry of default judgment be affirmed;

b) The sanction order for attorney fees, after deduction of $706.39 for the months of August, September and October be affirmed;

c) The award to plaintiffs for loss of use of $6,965.00 be affirmed;

d) The $6,170.00 paid for car purchased be disallowed;

e) The $2,500.00 for the Lincoln automobile be disallowed; and

f) The $5,000.00 punitive damage award be disallowed for failure of required proof.