This case presents a single question for our decision: whether defendant U-Haul International, Inc., had sufficient contacts with this State to make it fair and reasonable to require it to come here to defend against the present action. The lower court concluded that the contacts of U-Haul International, Inc., with this State were not sufficient to render it amenable to process in this State. We reverse and remand.
The relevant facts are alleged as follows:
On April 3, 1986, Jimmy Daniel Boyd, Jr. (defendant Boyd) rented a U-Haul truck in Alexander City, Alabama, for the purpose of moving his personal belongings from Montgomery to Dadeville, Alabama. He lost control of the truck while attempting to back it up to the doorway of a Montgomery residence. Eleven year old Freeman Boyd was standing on the porch steps of the residence. The truck hit the left foot of Freeman Boyd, crushing it against the *Page 714 
concrete steps. The resulting injuries rendered it necessary to amputate the entire left foot.
Jack Freeman Boyd brought this action against Jimmy Daniel Boyd, Jr., as well as U-Haul Company of Alabama and U-Haul International, Inc., on behalf of Freeman Boyd, his son. The claim against Jimmy Daniel Boyd, Jr., is that he negligently operated the rented truck. The action against the U-Haul companies is based on a claim of negligent entrustment of the rental vehicle to defendant Jimmy Daniel Boyd, Jr., and negligent or wanton failure to repair, maintain, inspect, or service the vehicle. The plaintiff alleges that this negligence rendered the truck dangerously defective and unsafe for operation. The plaintiff appeals from a final judgment dismissing defendant U-Haul International, Inc.
In his brief to this Court, the plaintiff argues that the exercise of jurisdiction over defendant U-Haul International, Inc., is consistent with the enumerated methods set forth in the Alabama Rules of Civil Procedure. He points to Rule 4.2, A.R.Civ.P., which contains several "long arm" provisions for exercising in personam jurisdiction over nonresident defendants. In pertinent part, Rule 4.2 allows an Alabama court to exercise jurisdiction over litigants in certain instances. Included among those are instances where parties:
 otherwise [have] some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.
Rule 4.2(a)(2)(I), A.R.Civ.P.
In applying this rule, we have held that "an Alabama court may acquire in personam jurisdiction over a non-resident defendant if the defendant has sufficient 'minimum contacts' so that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Shrout v.Thorsen, 470 So.2d 1222 (Ala. 1985), quoting AlabamaWaterproofing Co. v. Hanby, 431 So.2d 141 (Ala. 1983).
An examination of the record indicates that U-Haul International maintains an exclusive contract with U-Haul Company of Alabama. The contract prohibits U-Haul Company of Alabama from "merchandis[ing], maintain[ing] or operat[ing] Rental Equipment other than U-Haul Rental Equipment." The United States Supreme Court has held that, standing alone, the existence of a contractual relationship between two parties is not enough to render a party amenable to a court's jurisdiction. However, more is present in this case: while U-Haul International does not own the rented vehicles, it serves as a clearinghouse for U-Haul companies throughout the country. It continually collects monies and distributes percentages of those monies to U-Haul Company of Alabama. It provides accounting and auditing services to U-Haul Company of Alabama; it provides company forms and stationery; and it maintains standards for repairing and servicing U-Haul vehicles. Moreover, U-Haul International sends its representatives into this State for the express purpose of providing U-Haul Company of Alabama with auditing and accounting services. In light of the foregoing relationship, we conclude that U-Haul International's contacts with Alabama were deliberate rather than fortuitous and, therefore, that it should have been reasonably foreseen that at some time in the future it would need the protections, and would invoke the jurisdiction, of the Alabama courts. See Ex parte Newco Mfg.Co., 481 So.2d 867 (Ala. 1985). We, therefore, hold that U-Haul International, Inc., had sufficient contacts with this State to make it fair and reasonable to require it to come to Alabama and defend against the present action.
In so holding, we note that our holding comports with notions of fair play as required by the Due Process Clause of the *Page 715 14th Amendment of the United States Constitution.
Therefore, the judgment of the trial court is due to be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.