David HALBERSTAM and Jean Halberstam, Appellants (Defendants),

v.

Martha M. COKELEY and Craig M. Cokeley, Appellees (Plaintiffs).

No. 93–155.

Supreme Court of Wyoming.

April 1, 1994.

Blair J. Trautwein, Hathaway, Speight, Kunz & Trautwein, Cheyenne, for appellants.

Kenneth S. Cohen, Jackson, for appellees.

Before THOMAS, CARDINE, GOLDEN and TAYLOR, JJ., and BROWN, J. (Retired).

CARDINE, Justice.

David and Jean Halberstam (Halberstams) appeal from a default judgment. The Halberstams challenge the propriety of the entry of default and the subsequent determination by the district court that a damages hearing was unnecessary because the damages were liquidated.

We affirm in part and reverse in part.

The Halberstams raise the following issues:

1. Did the trial court abuse its discretion in granting default judgment without a hearing on damages?

2. Did the court abuse its discretion in denying the motion to set aside entry of default and default judgment?

## FACTS

On October 1, 1990, the Halberstams entered into a contract to buy ten acres of land on Fish Creek Road near Jackson in Teton County, Wyoming from Craig and Martha Cokeley (Cokeleys) for the sum of $375,000. However, when the time for closing came, the Halberstams had second thoughts and decided against purchasing the property.

After fruitless attempts at settlement and an intervening bankruptcy, the Cokeleys filed suit on April 29, 1992. The Cokeleys, as part of their requested relief, asserted damages of $145,000 from the Halberstams' breach of the contract. That amount was the difference between the contract price and the fair market value of the land, which was determined by an appraiser hired by the Cokeleys.

What began as an ordinary contract dispute quickly descended into the bizarre when the Cokeleys' lawyer, Cohen, attempted to serve the summons and complaint on the Halberstams. First, Cohen asked the Halberstams' lawyer in the real estate transaction, Moyer, to accept service on behalf of the Halberstams. Moyer responded that he was not going to be representing the Halberstams and he could not accept service. Moyer referred Cohen to Moore, the lawyer retained by the Halberstams to represent them in this matter. Moore declined to accept service for the Halberstams, stating it was contrary to his policy to accept service.

Cohen then attempted to serve the Halberstams personally at their residence in New York City. A deputy sheriff of New York City attempted to serve the Halberstams but could not because they were in Europe. In late June 1992, the Halberstams returned to New York and contacted the deputy sheriff. The deputy went to the Halberstams' apartment on June 26, 1992, and successfully served the complaint and summons on them. The Halberstams did not inform their attorney that they had been served.

On June 29, 1992, Moore wrote a letter to Cohen wherein he requested that Cohen inform him when the complaint had been served on the Halberstams. On July 15, Cohen replied to the Moore letter stating, "I expect that I will hear from you after we have obtained service upon the Halberstams." The parties dispute whether Cohen had knowledge of the June 26 service on the Halberstams at the time that letter was sent. On August 18, Moore sent another letter to Cohen again requesting to be told when service is made on the Halberstams.

Since the Halberstams failed to inform their lawyer that they had been served, an answer to the Cokeleys' complaint was not filed within the required thirty days. The Cokeleys filed a request for an entry of default on October 9, 1992. The request was granted, and the clerk of court entered default against the Halberstams on the same day. The Halberstams subsequently learned of the entry of default and unsuccessfully attempted to convince the court to vacate the order.

The Cokeleys made a motion for a default judgment which was granted by the court on December 18, 1992. The district court decided that an evidentiary hearing on damages was unnecessary because the damages suffered by the Cokeleys were liquidated. The court defined liquidated damages as those "which can be determined with exactness from the parties' agreement or by arithmetical process or application of definite rules of law." The court determined the damages by subtracting the fair market value of the property from the sale price of the contract,

which are found in the Cokeleys' complaint. Accordingly, a judgment of $145,000 was entered against the Halberstams. The judgment was subsequently modified by the court to include an award of $5,300 in attorney fees.

The Halberstams now appeal the district court's denial of their motion to vacate the entry of default and the district court's decision that a hearing on damages was unnecessary because the damages were liquidated.

## STANDARD OF REVIEW

■ We review a district court's entry of default and a default judgment for an abuse of discretion. *Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo.1993). In *Vanasse* we stated:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.
>
> \*    \*    \*    \*    \*    \*
>
> Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them. [citations omitted]

*Id.*, at 996 (quoting, respectively, *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986) and *Independent Oil & Chem. Workers v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988)).

## *DISCUSSION*

### *ENTRY OF DEFAULT*

■ We address Halberstams' second issue first: Whether the district court abused its discretion in denying the motion to vacate the entry of default. A district court may set aside an entry of default pursuant to the requirements of W.R.C.P. 55. *Vanasse*, at 997. The rule provides:

**Rule 55. Default.**

(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

\*    \*    \*    \*    \*    \*

(c) *Setting aside default.*—For good cause shown the court may set aside an entry of default \* \* \*.

Relevant to the inquiry of "good cause" are the factors described in W.R.C.P. 60(b), which provides:

**Rule 60. Relief from judgment or order.**

(b) *Other reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; \* \* \* or (6) any other reason justifying relief from the operation of the judgment.

A three-factor test has been applied to determine whether a motion under Rule 60(b) should be granted. *Vanasse*, at 998. These factors have also been applied to determine if the "good cause" standard of Rule 55(c) has been met. *Id.* (citing 6 James William Moore, *Federal Practice* § 55.10[2] (1991)). The three factors to be considered are whether: (1) the plaintiff will be prejudiced if the judgment is set aside; (2) the defendant has a meritorious defense; and (3) culpable conduct on the part of the defendant led to the default. *Vanasse*, at 998; see also *Carlson v. Carlson*, 836 P.2d 297, 301–02 (Wyo. 1992); *Amernational Indus., Inc. v. Action–Tungsram, Inc.*, 925 F.2d 970, 976 (6th Cir. 1991).

■ The Halberstams assert that they have good cause to set aside the entry of default. First, they contend that Cohen should have informed their attorney when service was obtained because Cohen never said he would not do so after Moore and Moyer asked him to. Second, the Halberstams claim that the July 15 letter to Moore from Cohen raised a duty to inform. In that letter Cohen intimated that service had not occurred when in fact it had. The Halberstams contend that Cohen had a duty to

correct that mistake when he learned otherwise. Third, the Halberstams assert that they have two meritorious defenses—fraud in the inducement of the contract and an agreed upon settlement. Finally, they claim that no prejudice to the Cokeleys would result from setting aside the entry of default.

■ Essentially, the Halberstams are arguing that Cohen owed them a duty because Cohen did not tell them that he would not inform them after he was asked to do so. An attorney is an advocate whose duty is to zealously represent his client to the best of his ability. *Sowerwine v. Nielson*, 671 P.2d 295, 303 (Wyo.1983). An attorney's duties are to his client not to the adverse party. Moore was the Halberstams' lawyer, not Cohen. Cohen never stated that he would inform Moore when service was made. We will not imply a duty upon an opposing attorney simply based upon his silence to a request.

As the Halberstams' attorney, it was Moore's job to communicate with his clients and to pursue their claim with diligence. See Rules of Professional Conduct, Rules 1.3 and 1.4. Moore knew that the Cokeleys had filed a complaint against the Halberstams on April 29. Since Moore had refused to accept service, it was reasonable for him to expect the Cokeleys to serve the Halberstams personally. The entry of default was on October 9, almost six months after the complaint was filed. Moore had plenty of opportunity to find out whether service had occurred. The Halberstams claim that they were preoccupied when served and thus they cannot recall whether they received any papers on June 26. Yet the Halberstams knew the Cokeleys were suing them, and they admit that they were served on that day. At the least, the Halberstams should have informed their attorney that a deputy sheriff had them sign something or their attorney should have asked them if they had.

Regardless of how the Halberstams characterize Cohen's actions (or inaction), the only duty here was between the Halberstams and their attorney. Wyoming Rule of Civil Procedure 12(a) requires that an answer to a complaint be filed within thirty days after service. The Halberstams failed to file an answer within three months. Accordingly, the Halberstams have failed to show good cause, and the district court did not abuse its discretion in refusing to vacate the entry of default.

## DEFAULT JUDGMENT

■ The district court entered the default judgment after finding that the Cokeleys were entitled to $145,000 in liquidated damages. Since we find that the district court erred as a matter of law in finding the damages liquidated, we reverse the default judgment.

The district court concluded that the Cokeleys' damages were liquidated because they could be "determined with exactness from the parties' agreement or by arithmetical process or application of definite rules of law." The court determined the damages by subtracting the fair market value of the property, $230,000 as alleged in the Cokeleys' complaint, from the contract sale price, $375,000. There is no other evidence in the record as to the fair market value of the land. Since the damages were liquidated, the district court concluded that no further proceedings were necessary, and judgment was entered for $145,000. See *Spitzer v. Spitzer*, 777 P.2d 587, 592–93 (Wyo.1989).

■ W.R.C.P. 55(b)(2) provides in part:

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

The decision whether to have a hearing is within the sound discretion of the trial court. *Spitzer*, at 593.

The scope of discretion afforded the trial court under the rule, however, does not extend to the entry of a default judgment where the damages are not liquidated or articulated with certainty. In *Adel [v.*

*Parkhurst* ], 681 P.2d [886] at 892 [Wyo. 1984], we said:

> The burden, however, is upon those seeking more than mere nominal damages to prove their damages. The requirement of Rule 55(b)(2), W.R.C.P., of a hearing with respect to damages which are not liquidated is consistent with the rule of those cases. The default permitted by a defendant does not concede the amount demanded for unliquidated damages.

(Citations omitted). See also *Midway Oil Corporation v. Guess,* 714 P.2d 339, 346 (Wyo.1986) (quoting in part and applying the above principle).

*Spitzer,* at 593. As the district court correctly noticed, damages are liquidated when they are certain or, by computation, made certain. *Midway Oil Corp. v. Guess,* 714 P.2d 339, 346 (Wyo.1986). If the damages are liquidated, then a court may enter a default judgment without a hearing. If, however, the damages are unliquidated, then a hearing is required. Thus if a default judgment is entered on damages that are unliquidated in amount, then the court has abused its discretion. *Midway Oil,* at 345.

We find the damages asserted by the Cokeleys in their complaint to be unliquidated in nature. The Cokeleys have not pointed us to a single iota of evidence in the record that establishes the fair market value of the land as $230,000. There is no appraisal report, though the Cokeleys claim to have had an appraisal done. The only thing in the record is the Cokeleys' bald assertion in their complaint that the fair market value is $230,000. That is insufficient to meet their burden of proving the amount of their damages. The district court abused its discretion in determining that the damages were liquidated.

## CONCLUSION

The Halberstams have failed to show good cause, therefore, the district court did not abuse its discretion in denying the motion to vacate the entry of default. The district court did, however, abuse its discretion in entering the default judgment. The damages were unliquidated because there is no proof in the record as to the fair market value of the land.

Affirmed in part and reversed in part and remanded for proceedings consistent with this opinion.