Cory J. WHITNEY, Appellant
(Defendant),

v.

Chester H. McDONOUGH,
Appellee (Plaintiff).

No. 94–121.

Supreme Court of Wyoming.

March 27, 1995.

Kay Lynn Bestol and George E. Powers, Jr. of Sundahl, Powers, Kapp & Martin, Cheyenne, Rex O. Arney of Murane & Bostwick, Casper, for appellant.

Frederick J. Harrison, Rawlins, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

In this appeal, we consider whether a motion to set aside a default judgment was properly denied by the trial court. Appellant claims the trial court erred in rendering the default judgment and erred in awarding damages upon insufficient evidence at a hearing.

We affirm the order denying the motion to set aside the default judgment.

Appellant presents this issue:

Did the District Court abuse its discretion, when it refused to set aside a judgment by default, and thereby ratified and left standing a judgment by default, which was based upon incompetent, inadmissible and fraudulent evidence?

Appellee states the issue as:

Whether the District Court properly denied Appellant's motion under W.R.C.P. 60(b) after Appellant failed to demonstrate mistake, inadvertence, surprise, excusable

neglect or other reason justifying relief from a default judgment.

## FACTS

In May of 1993, appellee Chester H. Mc-Donough and appellant Cory J. Whitney were involved in an automobile collision in Casper, Wyoming. On October 13, 1993, Mc-Donough filed a complaint for negligence against Whitney. Whitney was served by a deputy sheriff on October 21, 1993, but did not answer the complaint. According to Whitney's insurance adjuster, McDonough's attorney contacted him on November 18 and informed the adjuster that Whitney had been served a summons and complaint one month earlier and was in default. McDonough's attorney was amenable to granting an extension on the answer date and, upon hearing that the adjuster would forward the summons to an attorney, agreed to fax a copy of the summons to the adjuster. Although Whitney disputes that a fax was sent, telephone records, fax confirmation records and the affidavit of the secretary of McDonough's attorney indicate a fax was sent. McDonough's attorney did not receive a response and his later phone calls to the insurance adjuster were not returned.

Default was entered on December 10, 1993, by the court clerk and a damages hearing was conducted by the court on December 20, 1993. Following the hearing, the court entered its judgment, which recites in relevant part:

7. That pursuant to Rule 55(b)(2), in order to enable the court to enter judgment or to carry it into effect, it was necessary to take an account or to determine the amount of damages, and the Plaintiff has submitted herewith, through his attorney, an affidavit with documents attached setting forth his damages by way of an economist's reports and by way of said economist's curriculum vitae.

8. Further, the Plaintiff has set forth his injuries and damages by way of affidavits and has further testified to the court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff have judgment against the Defendant as follows:

1. For medical expenses incurred to date in the sum of $4,446.13;

2. For loss of Plaintiff's car valued at $1,200.00;

3. For impairment of the ability to perform work and permanent disability and damage in the sum of $202,435.00;

4. For past and future pain, suffering, mental anguish, loss of energy, strength, enjoyment of life, and hedonic damages in the sum of $154,546.00;

5. For costs of this action in the sum of $100.00;

6. For a total judgment as of the date hereof of $362,727.13, which shall accrue interest from this date and hereafter at the rate of ten percent (10%) per annum until paid.

In February, McDonough began proceedings to collect the judgment by serving a subpoena on the insurance adjuster. On February 10, Whitney's attorney filed a motion for permission to file an answer and a motion to set aside the default judgment under Rule 60(b)(1) for excusable neglect. In his accompanying brief, Whitney also challenged the amount of damages awarded and requested an opportunity to challenge the accuracy of McDonough's proof of damages. After hearing testimony and argument on the motion, the court denied the motion. This appeal followed.

## DISCUSSION

### 1. STANDARD OF REVIEW

Default judgments are governed by Wyo.R.Civ.P. 55 and setting aside a default judgment is governed by Rule 55(c). Wyo. R.Civ.P. 55 (1992). Generally, there is no appeal from a default judgment unless an appropriate motion for relief under Rule 60(b) has first been made to the district court. *Adel v. Parkhurst*, 681 P.2d 886, 889 (Wyo.1984); *Robison v. Sales and Use Tax Div., State Tax Comm'n*, 524 P.2d 82, 83 (Wyo.1974). Rule 60 provides a method to set aside default judgment, *Dexter v. O'Neal*, 649 P.2d 680 (Wyo.1982), and allows relief from a final judgment for six categories of reasons. Wyo.R.Civ.P. 60(b)(1)–(6) (1992).

The movant carries the burden of bringing himself within the rule's provisions. *Carlson v. Carlson,* 836 P.2d 297, 301 (Wyo.1992). An order denying relief under Rule 60(b) is appealable. *Dexter,* 649 P.2d at 681.

■■■ Whether the motion states a reason for relief under Rule 60 is a question of law and is reviewed for correctness. *See Ackermann v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Klapprott v. United States,* 336 U.S. 949, 69 S.Ct. 384, 93 L.Ed. 266, *modified,* 336 U.S. 942, 69 S.Ct. 877, 93 L.Ed. 1105 (1949). If a reason is stated, then it is within a district court's discretion whether or not relief should be granted or denied on the facts of the particular case. Whether or not a district court should set aside a default judgment under Rule 60(b) rests in the sound discretion of the court. *Vanasse v. Ramsay,* 847 P.2d 993, 996 (Wyo.1993). A denial of a motion to set aside a default judgment will generally only be reversed upon a showing of an abuse of discretion. *Vanasse,* 847 P.2d at 996 (Wyo. 1993).

■■■ The decision of whether to set aside a default judgment is controlled by the trial court's consideration as to whether the movant has established one of the enumerated grounds for relief and demonstrated a meritorious defense. The court must then determine whether the plaintiff will be prejudiced and whether culpable conduct of the defendant led to the default. *Vanasse,* 847 P.2d at 998; *Carlson,* 836 P.2d at 301–02 & 304 (Wyo.1992). We review the record only to determine whether an abuse of discretion has occurred. *Carlson,* 836 P.2d at 301.

## 2. EXCUSABLE NEGLECT

■■■ Whitney's reason for failure to answer was excusable neglect. This Court has defined excusable neglect "as such behavior as might be the act of a reasonably prudent person under the circumstances." *Carlson,* 836 P.2d at 303. Whitney testified that he did not answer the complaint because he was unable to contact an attorney. After the complaint was served on him, he looked up the telephone number of Legal Aid but gave up when he could not find a listing. He attempted to visit an attorney who had previously represented him, but upon learning that this attorney no longer had a private practice, he stopped looking for an attorney. Whitney contacted the district court clerk who instructed him that an answer must be filed within 20 days. Whitney testified he attempted to compose an answer, but gave up after the twenty days had passed. Whitney never contacted his insurance company.

■■■ Sufficient grounds for relief do not exist when a party is dilatory in obtaining legal counsel and default judgment is entered against him. On these facts, the trial court could not have found excusable neglect was present and set aside the default judgment. There was no abuse of discretion.

## 3. DAMAGES

■■■ Whitney challenges McDonough's evidence of damages. He contends this Court's requirement that unliquidated damages in a default judgment be proved by affidavit or hearing testimony permits our review of the admissibility and competence of the evidence. Whitney also contends his remedy on this issue is for this Court to either set aside the default judgment or permit him to conduct discovery and participate in a hearing on the issue of damages. We believe Whitney misunderstands the finality of a default judgment and the limited relief and review available to a defaulted party who does not appear. *See Vanasse,* 847 P.2d at 1000–01.

*Vanasse* thoroughly discussed the purpose to be served by the court's ability to impose default and explained the default judgment's role in the policy of providing finality to proceedings and deterring delay. *Vanasse,* 847 P.2d at 1000. This purpose and policy are achieved by Rule 55 and Rule 60 and we have difficulty accepting Whitney's contention that damages' evidence can be reviewed on appeal without first presenting grounds for relief under Rule 60(b) to the district court. The difficulty is increased when we consider the portion of Rule 60(b) which states:

the procedure for obtaining any relief from a judgment shall be by motion as pre-

scribed in these rules or by an independent action.

▮▮▮▮ The reviewability of this issue without specifying Rule 60(b) grounds deserves exploration. *See Spitzer v. Spitzer,* 777 P.2d 587, 589–90 (Wyo.1989). However, we are unable to examine this issue further since Whitney has not included the transcript of the hearing on damages as part of the record. Whitney takes issue with that part of the district court's order which states McDonough testified at the damages hearing. In such a case, the rule in Wyoming is clear; this Court presumes that a judicial record speaks the truth. *In re Estate of Sullivan,* 506 P.2d 813, 816 (Wyo.1973). Where damages are unliquidated in a default judgment, a district court may only award damages supported by affidavit or testimony. *Midway Oil Corp. v. Guess,* 714 P.2d 339, 345–47 (Wyo.1986); *Halberstam v. Cokeley,* 872 P.2d 109, 113 (Wyo.1994). Without a record as to what testimony was presented to the district court, we presume the order correctly states that the award of damages was based upon affidavit and testimony and there is no basis for review or relief.

Affirmed.

TAYLOR, J., files a dissenting opinion.

TAYLOR, Justice, dissenting.

I dissent.

Surely Chester McDonough must feel as though he has just won the lottery. Just as surely, Cory Whitney is wishing he had sent his entry in on time.

McDonough and Whitney were involved in a minor traffic accident resulting in injuries to McDonough and damage to his automobile. Whitney's insurer paid McDonough promptly for his property damage and a great portion of his medical expenses.

Through a series of snafus,[1] Whitney failed to respond and suffered entry of a default. Thereafter, McDonough applied for a default judgment, primarily in reliance upon his own

affidavit and the unsworn statement of an "economist." Based upon the "economist's" statement, and little else, McDonough struck it rich at the judgment hearing. That hearing was notable for the absence of medical testimony; tax record production; evidence of income; competent or admissible evidence of damages;[2] or sworn testimony of any ilk.

Judgment was entered in the amount of $362,727.13—more than sixty fold actual damages claimed by McDonough. Perhaps the damages awarded are fair recompense— we cannot know from the materials relied upon by the district court and contained in the record on appeal.

No apologia by Whitney can gainsay the neglect which precipitated this judgment. One must, however, disregard apparent symmetry to ask if Whitney's neglect was so egregious as to countenance the majority's disregard of McDonough's failure to prove his damages. Damages should make McDonough whole for his injuries, avoiding the temptation to punish Whitney for his neglect.

The majority acknowledges that unliquidated damages may only be awarded when supported by affidavit or sworn testimony. *Midway Oil Corp. v. Guess,* 714 P.2d 339, 347 (Wyo.1986). Judicially glossed over is the proposition that without such evidence, entry of a default judgment on damages constitutes an abuse of discretion. *Halberstam v. Cokeley,* 872 P.2d 109, 113 (Wyo.1994) (*citing Midway Oil Corp.,* 714 P.2d at 345).

We have authority to remand for rehearing on damages only. *Texas West Oil and Gas Corp. v. Fitzgerald,* 726 P.2d 1056, 1065 (Wyo.1986); *cf. Wheatland Irrigation Dist. v. McGuire,* 562 P.2d 287, 291 (Wyo.1977). The sticking point is the misconception that requiring a proper hearing on damages necessarily bootstraps an opportunity to appear therein for Whitney. W.R.C.P. 60(b) provides that relief may be obtained from a judgment "upon such terms as are just * * *." Justice, in this case, hinges upon a proper showing of damages by the non-defaulting party rather than necessarily afford-

---

1. Born of World War II, an acronym for situation normal, all fouled up.

2. As with testimony not given under oath, we are disinclined to attribute evidentiary weight to unsworn written statements. *Matter of EB,* 795 P.2d 1212, 1215 n. 3 (Wyo.1990).

ing the defaulting party with an unmerited opportunity to appear.

The opening of a default judgment should go no further than placing the parties in that position they occupied on the day the judgment was entered. *Thorpe v. Thorpe,* 364 F.2d 692, 694 (D.C.Cir.1966). The object of imposing "such terms as are just" should be to see that the non-defaulting party is not prejudiced by the requirement that his proof of damages comport with the law. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1182 (3rd Cir. 1984).

By allowing this damage award without putting McDonough to his proof, we sacrifice compensation for actual damages on the altar of punitive damages, plain and simple. The better course would be to vacate the default judgment as to damages, remanding to the district court. That court may then impose such conditions (including standing to appear *vel non* ) as will mitigate prejudice to McDonough and place the parties in the position they occupied the day the vacated judgment was entered. *Littlefield v. Walt Flanagan & Co.,* 498 F.2d 1133, 1136 (10th Cir.1974).