In the Interest of JLB, JMB and JNB, minor children.

No. C–95–7.

Supreme Court of Wyoming.

April 18, 1996.

---

Sandra Kaye Turner, Pro Se.

Richard C. Slater of Bayless, Slater & Macy, P.C., Cheyenne, for appellees.

Before GOLDEN, C.J., and THOMAS, TAYLOR, and LEHMAN, JJ., and PATRICK, D.J.

TAYLOR, Justice.

We are asked to review an adoption proceeding in which three children were adopted by their natural father and his new wife. The children's natural mother opposed the adoption, but failed to appear at the contested hearing after being properly served. As a result, the district court entered a default judgment against the children's natural mother. An adoption decree was issued and the natural mother's parental rights were terminated.

We affirm.

## I. ISSUES

The natural mother's pro se brief appears to ask whether the children will benefit from knowing and being in contact with their natural mother. The natural father and his wife articulate the following issues:

1. The District Court did not err, as a matter of law, when it granted Appellees' Petition for Adoption and Termination of Parental Rights.

2. This appeal should not be considered based upon Appellant's failure to comply with the Wyoming Rules of Appellate Procedure and failure to provide cogent argument or authority.

## II. FACTS

The children's natural father and stepmother instituted adoption proceedings. The children's natural mother opposed the adoption and a hearing was scheduled. The children's natural mother was properly served pursuant to Wyo.Stat. § 1–22–107 (1988). The natural mother failed to appear at the hearing either in person or via tele-conference. During the hearing, testimony was heard and the district court made its decision to terminate the parental rights of the natural mother and to approve the adoption by default. A default judgment was entered in favor of the adopting parents. The natural mother filed a timely appeal.

## III. DISCUSSION

### A. STANDARD OF REVIEW

Entry of default judgment is mandatory in adoption proceedings if one party fails to appear at the hearing. Wyo.Stat. § 1–22–108(a) (Cum.Supp.1995). A default judgment can only be reversed pursuant to W.R.C.P. 60. The natural mother in this case never filed a W.R.C.P. 60 motion to set aside the default. We normally do not review the entry of a default judgment in the absence of a W.R.C.P. 60(b) motion. *Whitney v. McDonough*, 892 P.2d 791, 793 (Wyo. 1995). However, in the interest of judicial economy and in light of the natural mother's pro se status, we will review the default judgment entered in this case.

**B. ANALYSIS**

The district court did not err when it entered default judgment in favor of the natural father and his wife. Wyo.Stat. § 1–22–108(a) states:

> When the persons required to be served as provided in W.S. 1–22–107 have been served personally or by publication and do not appear at the hearing, a default *shall be entered* against them and they shall be bound by the findings and judgment of the court.

[Emphasis added.]

The natural mother of these children was properly served and had even called to make arrangements with the judge to appear at the hearing by telephone. In *Murray v. Murray*, 894 P.2d 607, 608 (Wyo.1995), we held that due process guarantees a person involved in legal proceedings a meaningful opportunity to be heard and that the due process right can be vindicated by allowing the individual to attend the hearing via tele-conference. That right was protected in this case, but the natural mother failed to call and, thus, failed to appear as required by Wyo.Stat. § 1–22–108(a). The ensuing entry of default was mandated by statute.

Relief from a default judgment is available under W.R.C.P. 60(b) for excusable neglect, among other reasons. The burden of proof is on the appellant to show that her actions constituted excusable neglect. *Whitney*, 892 P.2d at 794. We do not believe that the natural mother's failure to attend the hearing via tele-conference, after having made arrangements to do so, is excusable neglect. Thus, the natural mother has failed to carry the burden of demonstrating that her failure to attend the hearing was the sort of excusable neglect covered by W.R.C.P. 60(b). Therefore, the judgment implementing the adoption decree and terminating the natural mother's parental rights must be affirmed.

## IV. CONCLUSION

The decision of the district court is affirmed.