**Jeffrey Scott ROBINSON,**
**Appellant (Plaintiff),**

**v.**

**U–HAUL INTERNATIONAL, INC.,**
**Appellee (Defendant).**

No. 96–173.

Supreme Court of Wyoming.

Jan. 9, 1997.

Billie Ruth Edwards, Cheyenne, for appellant.

Michael E. Warren of Sawyer & Warren, P.C., Torrington, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Jeffrey Scott Robinson's personal injury suit against appellee U–Haul International, Inc. was dismissed for lack of personal jurisdiction. Finding that the district court correctly determined that Robinson had not made a prima facie showing that U–

Haul International, Inc. should be subjected to personal jurisdiction in this state, we affirm.

## ISSUES

Robinson presents these issues for our review:

1. Did the lower court err in dismissing this case without affording plaintiff notice and a meaningful opportunity to be heard on the issues upon which the court based its dismissal?

2. Did the lower court err in dismissing this case on the basis of lack of minimum contacts?

U–Haul International, Inc. states the issues as:

1. Should Robinson's case be dismissed for failing to comply with Rule 3.03 W.R.A.P.?

2. Did Robinson sustain his burden of proof to make a prima facie showing that U–Haul was subject to the personal jurisdiction of Wyoming?

3. Was the District Court's dismissal of Robinson's case appropriate?

## FACTS

On July 10, 1991, Sheri Hall rented a trailer from U–Haul in Greeley, Colorado, in order to move belongings to Scottsbluff, Nebraska. She listed Jeffrey Robinson as an additional driver on the contract. While traveling north on U.S. Highway 85, south of Torrington, Wyoming, the hitch connecting the U–Haul trailer to Hall's vehicle failed, causing it and the U–Haul trailer to spin off the road. Robinson was seriously injured in the accident.

Robinson filed suit against U–Haul International, Inc. on February 22, 1995, claiming negligence, lessor liability, breach of implied warranties, and strict liability. U–Haul International, Inc. answered with several affirmative defenses, including lack of jurisdiction, and later moved for dismissal on the grounds that it was not the correct party and it was not authorized to do business in Wyoming. The motion for dismissal included an affidavit from the Wyoming Secretary of State's Office stating that U–Haul International, Inc. has never been authorized to do business in the State of Wyoming.

The district court issued a decision letter on April 26, 1996, in which it determined that Robinson had not made the necessary showing of minimum contacts as a basis for personal jurisdiction over the non-resident defendant in Wyoming and granted the motion to dismiss. This appeal followed.

## DISCUSSION

■ "The burden is on the plaintiff, once the defendant has contested the court's jurisdiction over him, to make a prima facie showing that the defendant is subject to personal jurisdiction in the state." *Amoco Production Co. v. EM Nominee Partnership Co.*, 886 P.2d 265, 267 (Wyo.1994). "The court may consider any allegations set forth in the complaint and any evidence which may be introduced in a hearing on the issue." *Id.* "The defendant then must present a compelling case that the presence of some other considerations would make the exercise of jurisdiction unreasonable." *Id.*

Robinson contends that he was entitled to specific notice that U–Haul International, Inc.'s motion to dismiss was challenging personal jurisdiction on minimum contacts grounds. Because the motion only referenced WYO.R.CIV.P. 19 and 21 concerning joinder of U–Haul of Colorado and did not mention WYO.R.CIV.P. 12(b)(2) concerning lack of personal jurisdiction, Robinson asserts that he was not afforded a meaningful opportunity to present his prima facie case concerning minimum contacts. U–Haul International, Inc. contends that it stated at a scheduling conference that it would file a motion to dismiss the case on the basis that it had never done business in Wyoming, that generally it was not a proper defendant in this case and that U–Haul of Colorado should be the proper defendant. U–Haul International, Inc. also contends that its recollection is that the lack of minimum contacts was also discussed. The district court instructed U–Haul International, Inc. to file its motion to dismiss by March 11, 1996, and ordered a hearing on the motion for April 5, 1996.

 The record shows that U–Haul International, Inc.'s motion to dismiss does not allege a lack of minimum contacts; however, the district court's decision letter addresses the issue and dismissed the suit on that basis. Robinson has not provided a transcript of this hearing and did not prepare a statement of the evidence or proceedings as permitted by WYO.R.APP.P. 3.03. It is his contention that he does not need to provide either a transcript of the hearing or a statement of the evidence because U–Haul International, Inc.'s motion to dismiss is part of the record and does not specify that it is challenging personal jurisdiction. We agree with Robinson that neither the motion to dismiss nor Robinson's written response to that motion discuss the minimum contacts issue.

When a court is considering a challenge to its jurisdiction over defendant or over a res, it may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts; . . . . In making its decision on the issue, the trial court has considerable leeway. It may determine the matter on the basis of pleadings and other materials called to its attention; it may require discovery; and it may even conduct an evidentiary hearing. . . . [When] no evidentiary hearing [is] conducted, the only burden on [plaintiff is] to make a *prima facie* showing of jurisdiction.

*PanAmerican Mineral Services v. KLS Enviro Resources, Inc.,* 916 P.2d 986, 989 (Wyo. 1996). *PanAmerican* continues on and explains that eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *PanAmerican,* 916 P.2d at 989.

 The district court's decision letter in this case does not indicate that minimum contacts was an issue discussed at the hearing and without a transcript of the motion to dismiss hearing or a statement of evidence, the record does not establish that it was at issue. However, the rule in *PanAmerican* requires Robinson's pleadings to have made a prima facie showing of jurisdiction. The district court is permitted to determine whether a prima facie showing of jurisdiction has been made from the pleadings and affidavits and, based on the record, we assume it did so. Robinson's pleadings did not include any reference to U–Haul International, Inc.'s contacts in the State of Wyoming.

For purposes of comparison, we note that in *Boyd v. U–Haul Int'l, Inc.,* 527 So.2d 713 (Ala.1988), the Alabama Supreme Court found sufficient contacts on a record showing a contractual relationship between U–Haul International, Inc. and U–Haul Company of Alabama; U–Haul International, Inc. served as a clearinghouse for U–Haul companies throughout the country, collecting monies and distributing percentages of those monies for U–Haul Company of Alabama; U–Haul International, Inc. provided personnel to perform accounting and auditing services and provided company forms and stationery for U–Haul Company of Alabama; and U–Haul International, Inc. maintained standards for repairing and servicing U–Haul vehicles. *Boyd,* 527 So.2d. at 714. Although a prima facie showing does not require evidence to this extent, the record indicates that the district court had no evidence before it on the issue and correctly determined that Robinson had not made a prima facie showing of the minimum contacts necessary for personal jurisdiction.

We affirm the district court's decision.