Steve CHAMBERLAIN, individually and
d/b/a M & J Oil Co., Appellant
(Defendant),

v.

RUBY DRILLING CO., INC.,
Appellee (Plaintiff).

No. 98–355.

Supreme Court of Wyoming.

July 26, 1999.

Paul J. Drew of Drew & Carlson, LLC,
Gillette, WY., for Appellant.

Nicholas H. Carter and Carmen L. Patterson of Carter Law Office, Gillette, WY., for
Appellee.

Before LEHMAN, C.J., and THOMAS,
MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

The sole issue on appeal is whether the
district court abused its discretion in denying
Appellant's motion to set aside a default
judgment on the basis that the State of Wyoming did not have personal jurisdiction over
him. We determine that the Appellant had
sufficient minimum contacts with the State of
Wyoming to invoke personal jurisdiction and
conclude, therefore, that the district court
did not abuse its discretion.

## ISSUE

Appellant Steve Chamberlain, individually
and d/b/a M & J Oil Company (Appellant),
frames the issue for consideration as:

> Is the default judgment entered against
> the appellant, a non-resident of Wyoming,
> void as a result of the failure of the appellee to demonstrate jurisdiction over the
> appellant at the time the default judgment
> was entered?

Appellee Ruby Drilling Company, Inc. (Appellee) restates the issue slightly:

> Did the plaintiff satisfactorily show a prima facia [sic] case of jurisdiction over the
> defendant to support the entering of a
> default judgment?

## FACTS

On January 6, 1998, Appellee filed a complaint alleging breach of contract against Appellant and Edward Mike Davis (Davis).
The complaint stated that Ruby Drilling was
a Wyoming corporation with its principal
place of business in Gillette, Wyoming, and
that Appellant and Davis were individuals
who lived in Texas and operated their principal place of business in Houston. The cause
of action set forth in the complaint related to
a contract, and an addendum thereto, entered into by the parties in September of
1993, both of which were attached to the
complaint. Appellee alleged that it had performed its obligations under the contract and
the addendum but that, despite Appellee's
demands, Appellant and Davis had not paid
for the services as guaranteed under the
contract. A copy of the complaint and attachments were served upon Appellant at his

place of business in Houston, Texas on February 26, 1998.

After Appellant and Davis failed to respond within the required time, Appellee filed an Application for Entry of Default along with an Affidavit of Default on April 7, 1998. The district court issued a default judgment on April 16, 1998, finding jurisdiction over the subject matter and the parties and ordering Appellant and Davis to pay the sum owed under the contract along with attorney fees and prejudgment interest. Appellant and Davis responded with a motion to set aside the default judgment pursuant to W.R.C.P. 55(c) and 60(b). The main basis of the motion was that Appellee failed to establish a *prima facie* basis for the assertion of personal jurisdiction over Appellant or Davis by the State of Wyoming. The district court granted the motion to set aside the default judgment as to Davis due to improper service. The district court, however, denied the motion as to Appellant on the grounds that the complaint had alleged sufficient contacts with the State of Wyoming to establish personal jurisdiction over him. Appellant now appeals the default judgment.

## STANDARD OF REVIEW

Default judgments are governed by Wyo.R.Civ.P. 55 and setting aside a default judgment is governed by Rule 55(c). Wyo. R.Civ.P. 55 (1992). Generally, there is no appeal from a default judgment unless an appropriate motion for relief under Rule 60(b) has first been made to the district court. *Adel v. Parkhurst*, 681 P.2d 886, 889 (Wyo.1984); *Robison v. Sales and Use Tax Div., State Tax Comm'n*, 524 P.2d 82, 83 (Wyo.1974). Rule 60 provides a method to set aside default judgment, *Dexter v. O'Neal*, 649 P.2d 680 (Wyo.1982), and allows relief from a final judgment for six categories of reasons. Wyo.R.Civ.P. 60(b)(1)-(6) (1992). The movant carries the burden of bringing himself within the rule's provisions. *Carlson v. Carlson*, 836 P.2d 297, 301 (Wyo.1992). An order denying relief under Rule 60(b) is appealable. *Dexter*, 649 P.2d at 681.

Whether the motion states a reason for relief under Rule 60 is a question of law

and is reviewed for correctness. *See Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, *modified*, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). If a reason is stated, then it is within a district court's discretion whether or not relief should be granted or denied on the facts of the particular case. Whether or not a district court should set aside a default judgment under Rule 60(b) rests in the sound discretion of the court. *Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo.1993). A denial of a motion to set aside a default judgment will generally only be reversed upon a showing of an abuse of discretion. *Vanasse*, 847 P.2d at 996 (Wyo.1993).

The decision of whether to set aside a default judgment is controlled by the trial court's consideration as to whether the movant has established one of the enumerated grounds for relief and demonstrated a meritorious defense. The court must then determine whether the plaintiff will be prejudiced and whether culpable conduct of the defendant led to the default. *Vanasse*, 847 P.2d at 998; *Carlson*, 836 P.2d at 301–02 & 304 (Wyo.1992). We review the record only to determine whether an abuse of discretion has occurred. *Carlson*, 836 P.2d at 301.

*Whitney v. McDonough*, 892 P.2d 791, 793–94 (Wyo.1995).

## DISCUSSION

Appellant's motion to set aside the default judgment was predicated upon his contention that the judgment was void pursuant to W.R.C.P. 60(b)(4) on the grounds that Appellee had failed to make a *prima facie* case that the State of Wyoming had personal jurisdiction over him. On appeal, Appellant argues that such failure required the district court to set aside the default judgment, and its refusal to do so was an abuse of discretion. Appellee counters that the complaint, along with the attached contract and addendum, constitutes a sufficient showing of the existence of personal jurisdiction over Appellant.

Appellant's exclusive focus on the language of the complaint, which stated only that Appellant was a resident of Texas, which was also his primary place of business, is flawed. Copies of any written instruments which are attached to a pleading are considered a part of the pleading for all purposes. W.R.C.P. 10(c). Thus, the question we must confront is whether the complaint, along with the attached contract and addendum thereto, is sufficient to establish a *prima facie* showing of personal jurisdiction over Appellant by the district court.

In this instance, when it granted the default judgment, the district court determined that it had personal jurisdiction over Appellant without holding an evidentiary hearing. In that context, we have stated that:

> [w]hen the underlying facts are undisputed, the existence of personal jurisdiction is a matter of law.[1] *Eddy v. Oukrop*, 784 P.2d 610, 612 (Wyo.1989). If the district court's determination is made without an evidentiary hearing, the plaintiff must show only a prima facie case to defeat the motion to dismiss. *Robinson v. U-Haul Intern., Inc.*, 929 P.2d 1236, 1238 (Wyo. 1997) (*quoting PanAmerican Mineral Services, Inc. v. KLS Enviro Resources, Inc.*, 916 P.2d 986, 989 (Wyo.1996)); *Amoco Production Co. v. EM Nominee Partnership Co.*, 886 P.2d 265, 267 (Wyo.1994). The district court must view the allegations in the pleadings and documentary evidence in the light most favorable to the non-moving party, resolving all reasonable inferences in favor of the non-moving party. *Pelchat v. Sterilite Corp.*, 931 F.Supp. 939, 943 (D.N.H.1996); *Neways, Inc. v. McCausland*, 950 P.2d 420, 422 (Utah 1997).

*Shaw v. Smith*, 964 P.2d 428, 433 (Wyo.1998). In making the determination as to whether a nonresident defendant is subject to this state's exercise of personal jurisdiction over him, we have employed a well-established standard grounded in the due process clauses of the Wyoming and United States constitutions.

> The exercise of personal jurisdiction over a defendant is statutorily authorized on any basis consistent with the Wyoming and United States Constitutions. Wyo. Stat. § 5-1-107(a) (1997). Due process requires that the defendant have " 'minimum contacts' " with the forum state such that the exercise of jurisdiction does not offend " 'traditional notions of fair play and substantial justice.' " *Amoco Production Co.*, 886 P.2d at 267 (*quoting International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). In determining the limits of personal jurisdiction based on a single act, we apply the three-part test articulated in *First Wyoming Bank, N.A., Rawlins v. Trans Mountain Sales and Leasing, Inc.*, 602 P.2d 1219, 1221 (Wyo. 1979) (*quoting Van Schaack & Co. v. District Court, Eighteenth J.D.*, 189 Colo. 145, 538 P.2d 425, 426 (1975) and *State ex rel. White Lumber Sales, Inc. v. Sulmonetti*, 252 Or. 121, 448 P.2d 571, 574 (1968)):

> " 'First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.' "

*Shaw*, 964 P.2d at 433-34 (footnote omitted); *O'Bryan v. McDonald*, 952 P.2d 636, 638-39 (Wyo.1998).

Our review of the record, including the complaint and the attached exhibits, leads to an inevitable conclusion that Appellee made a *prima facie* showing of personal jurisdiction over Appellant. The contract and the addendum show that Appellant entered into an agreement with Ruby Drilling, a Wyoming corporation with its principal place of business in Wyoming. The subject of the contract was the drilling of a water well on the Padlock Ranch in Sheridan County. The

---

1. Appellant has not challenged the validity of the contract or the addendum.

complaint alleges that pursuant to that agreement, Appellee drilled the subject well, and Appellant refused to honor his part of the agreement by paying Appellee for its work. First, Appellant availed himself of the privilege of acting within Wyoming by hiring a Wyoming company to perform work for him that had important consequences in this state; i.e., the drilling of an 800– to 1000–foot water well in Sheridan County. Second, Appellee's cause of action—breach of contract—directly arises from the consequences of Appellant's actions and the drilling of a water well within this state. Third, the contract clearly creates a substantial connection with Wyoming, making the exercise of jurisdiction over Appellant reasonable.

Since Appellee established a *prima facie* showing of personal jurisdiction over Appellant by the district court, Appellant failed to establish one of the enumerated grounds for relief under W.R.C.P. 60(b), and, consequently, there was no abuse of discretion by the district court in denying the motion to set aside the default judgment.

## CONCLUSION

A *prima facie* showing was established by Appellee through its pleadings that Appellant was subject to the personal jurisdiction of the district court, and hence, Appellant failed to establish grounds for relief under W.R.C.P. 60(b). Therefore, the district court did not abuse its discretion in denying Appellant's motion for relief from the default judgment.

Affirmed.