VANDERZANDEN FARMS, LLC, an Oregon limited liability company, Plaintiff,

v.

DOW AGROSCIENCES, LLC, a Delaware limited liability company, Defendant.

No. CV 03–779–BR.

United States District Court, D. Oregon.

June 24, 2004.

Paul R.J. Connolly, Donna G. Goldian, Connolly & Goldian, LLP, Salem, OR, for Plaintiff.

Ronald E. Bailey, Bullivant Houser Bailey PC, Portland, OR, Dean T. Barnhard, Barnes & Thornburg, Indianapolis, IN, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendant's Motion for Summary Judgment (# 11), Plaintiff's Motion to Compel Production of Documents (# 26), Defendant's Motion for Protective Order (# 25), Plaintiff's Request for Judicial Notice of EPA's Position Regarding FIFRA Preemption (# 34), and Defendant's Motion for Leave to Submit Supplemental Authority, *Instanter* (# 39).

Plaintiff VanderZanden Farms, LLC, is a family farm in Washington County, Oregon, in the business of growing tulips. Plaintiff brings this action against Defendant Dow Agrosciences, LLC, for damage to Plaintiff's tulip crop allegedly caused by the application of Gallery, a herbicide manufactured by Dow. Plaintiff asserts two claims for relief. The First Claim is for strict product liability under Oregon law, and the Second Claim is for negligence. Both claims are based on alleged defects in the labeling of Gallery.

Defendant moves for summary judgment on the ground that Plaintiff's claims are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136v(b) (FIFRA).

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment, **GRANTS** Plaintiff's Request for Judicial Notice, **GRANTS** Defendant's Motion for Leave, and **DENIES as moot** Plaintiff's Motion to Compel and Defendant's Motion for Protective Order.

## FACTS

On February 2, 2002, Plaintiff purchased the herbicide Gallery, which is produced by Dow. The label on the Gallery container included the following statement: "Gallery Dry Flowable may be applied for control of susceptible annual weeds in ornamental bulbs, e.g. bulbous iris, daffodils (narcissus), hyacinth and tulip." This label was approved by the Environmental Protection Agency (EPA), apparently as part of the initial registration of Gallery under FIFRA.

On February 4, 2002, Plaintiff applied Gallery to its 2002 new tulip-bulb planting according to Dow's specifications. In late February 2002, Plaintiff noticed tulip leaves were discolored, spotty, and did not look vigorous. On investigation, Plaintiff concluded Gallery had caused damage that would result in a loss of tulip flower sales in 2002 and more losses in the future.

After Plaintiff notified Dow of the damage, Plaintiff learned in October 2000 that Dow had obtained the EPA's approval to amend the Gallery label to include the following warning: "Do not use Gallery 75 Dry Flowable for weed control in ornamental bulbs grown for commercial production." The EPA, however, did not order Dow to implement the amended labeling by any specific date nor did the EPA set a date after which Gallery could not be sold or distributed without the revised labels. The EPA also did not require Dow to re-label the containers of products already in the hands of retailers or to send copies of the amended Gallery label to any retailers.

Dow has at all times sold Gallery only with labels that were accepted by the EPA pursuant to the requirements of FIFRA.[1]

### DISCUSSION

The Supremacy Clause of the United States Constitution provides the laws of the United States "shall be the supreme law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. "In determining whether federal law preempts a state statute, we look to congressional intent. Preemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *FMC Corp. v. Holliday*, 498 U.S. 52, 56–57, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) (internal quotations omitted). When "Congress has included an express preemption provision in an act, there is no need to divine an implied congressional

intent regarding preemption from other provisions in the act." *Taylor*, 54 F.3d at 559 (citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992)).

FIFRA is a comprehensive federal statute that regulates labeling, sales, and use of pesticides and grants enforcement authority to the EPA. *Taylor AG Indus. v. Pure–Gro*, 54 F.3d 555, 559 (9th Cir.1995). FIFRA expressly prohibits states from imposing "any requirements for labeling or packaging in addition to or different from those required" under FIFRA. 7 U.S.C. § 136v(b).

■ "FIFRA preempts common law claims if the legal duty that forms the basis for the claim imposes a state labeling requirement that is different from or in addition to the requirements imposed by FIFRA." *Taylor*, 54 F.3d at 560. State law tort claims based on inadequate or defective labeling of pesticides are preempted because otherwise success on such claims would necessarily induce the manufacturer to alter its product label to comply with state law. *Id.* at 561.

The preemption analysis in *Taylor* is based in large part on the Supreme Court's decision in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). A majority of circuits have applied *Cipollone* and held a failure to warn claim against the manufacturer of pesticides is preempted by FIFRA. *Taylor*, 54 F.3d at 560. Plaintiff, however, argues the Supreme Court's decision in *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 116 S.Ct. 2240, 135 L.Ed.2d 700

---

1. Plaintiff objected to Defendant's asserted facts concerning the amendment to the Gallery label on the basis that Defendant did not produce evidence to support those facts. Plaintiff, therefore, contended additional discovery was required. Defendant, however, provided evidentiary support for these fact

statements in the form of the Affidavit of Kimberly Gilbert, Dow's Product Registration Manager for Gallery 75 Dry Flowable herbicide. Moreover, Plaintiff conceded at oral argument that additional discovery would not affect the outcome of Defendant's Motion for Summary Judgment.

(1996), altered the preemption analysis of the *Cipollone* Court and "cast doubt" on earlier circuit court decisions regarding FIFRA preemption. In *Medtronic,* a plurality of the Supreme Court held the federal Medical Device Amendments of 1976 did not preempt a state common-law negligence action against the manufacturer of an allegedly defective medical device.

Plaintiff does not cite any federal case that holds *Medtronic* altered the preemption analysis of the *Cipollone* Court as applied to FIFRA. Plaintiff relies only on an Oregon Court of Appeals decision in which the court concluded the Supreme Court's decision in *Medtronic* altered the *Cipollone* preemption analysis. *See Brown v. Chas. H. Lilly Co.,* 161 Or.App. 402, 985 P.2d 846 (1999). Accordingly, the Oregon Court of Appeals held the plaintiff's tort claims based on failure to warn and breach of warranty were not preempted by FIFRA. Plaintiff urges this Court to follow the *Brown* court's holding. This Court, however, is bound by decisions of the Ninth Circuit, which has rejected the argument that *Medtronic* changed the FIFRA preemption analysis. *See Nathan Kimmel, Inc. v. DowElanco,* 275 F.3d 1199 (9th Cir.1999).

In *Nathan Kimmel,* the Ninth Court noted the plaintiffs' claims in *Medtronic* "arose from the manufacturer's alleged failure to use reasonable care in the production of the product, not solely from the violation of FDCA [Federal Food, Drug, and Cosmetic Act]." *Id.* at 1206. Here, in contrast, Plaintiff's claims arise solely from the EPA's labeling requirements. Plaintiff contends the labels used by Dow and approved by the EPA were inadequate and erroneous and Plaintiff suffered damage because it followed those erroneous labels. Accordingly, the Court concludes Plaintiff's claims clearly are preempted.

Finally, Plaintiff argues the EPA has taken the position that FIFRA does not preempt state tort claims. Plaintiff relies on an *amicus* brief filed by the EPA in *Etcheverry v. Tri–Ag Service, Inc.,* 22 Cal.4th 316, 93 Cal.Rptr.2d 36, 993 P.2d 366 (2000). Plaintiff filed a Request for Judicial Notice of EPA's Position Regarding FIFRA Preemption and submitted the EPA's *amicus* brief in *Etcheverry* as an exhibit. In response, Defendant filed a Motion for Leave to Submit Supplemental Authority and asserted the EPA subsequently repudiated the position it took in *Etcheverry* in its *amicus* briefs filed in later cases; *i.e.,* the EPA now argues FIFRA preempts state law claims. The Court grants both Plaintiff's Request for Judicial Notice and Defendant's Motion for Leave to File Supplemental Authority and has considered both parties' arguments regarding the EPA's position.

In *Nathan Kimmel,* the Ninth Circuit rejected an identical argument regarding the EPA's *Etcheverry amicus* brief. 275 F.3d at 1207. For the reasons set forth in *Nathan Kimmel,* this Court also rejects Plaintiff's argument.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (# 11). The Court also **GRANTS** Plaintiff's Request for Judicial Notice of EPA's Position Regarding FIFRA Preemption (# 34) and Defendant's Motion for Leave to Submit Supplemental Authority, *Instanter* (# 39). The Court **DENIES as moot** Plaintiff's Motion to Compel Production of Documents (# 26) and Defendant's Motion for Protective Order (# 25).

IT IS SO ORDERED.